# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17-cv-02942-C |
| | § | |
| | § | |
| TRT HOLDINGS, INC and, | § | |
| OMNI HOTELS AND RESORTS | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Omni Hotels Management Corporation's[1] ("Omni" or "Defendant"), as defendant in the above-referenced civil action, and files this Motion for Reconsideration of the Court's Orders Granting Applications for Admission *Pro Hac Vice* (Docket Numbers 7 and 8) and For Sanctions, and in support would show unto the Court as follows:

1.      On October 25, 2017, by and through lead counsel, Jay D. Ellwanger of Ellwanger Law LLP, and of-counsel attorneys, James A. Vagnini ("Vagnini") and Monica Hincken ("Hincken"), Valli Kane & Vagnini, LLP (the "Firm"), Plaintiff Sarah Lindsley ("Plaintiff") filed her Original Complaint ("Complaint") in this case.

---

[1] Plaintiff incorrectly named Omni Hotels & Resorts as a Defendant in her Complaint; however, Omni Hotels & Resorts is not a legal entity.  Accordingly, Defendant is filing this Motion on behalf of Omni Hotels Management Corporation, the entity that employed Plaintiff.

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 1**

DAL:967888.3

2.      Attorneys Vagnini and Hincken are licensed by the State of New York to practice law; however, according to their signature block on the Complaint, at the time of filing, they apparently had not been admitted to practice in this Court.  As such, attorneys Vagnini and Hincken were required to seek admission *pro hac vice*.

3.      In connection with their electronic signature on the Complaint, attorneys Vagnini and Hincken represented to this Court that their admission *pro hac vice* was "pending." However, notwithstanding this representation and this Court's admonition that out-of-district counsel should "be prepared to apply for admission…pro hac vice contemporaneously with [the] first filing…,"[2] attorneys Vagnini and Hincken did not file their respective Applications for Admission Pro Hac Vice (collectively, the "Applications") until November 30, 2017, more than a month *after* the Complaint was filed.

4.      On December 4, 2017, this Court issued its orders granting the Applications. Accordingly, pursuant to Local Rule 83.9(c), attorneys Vagnini and Hincken became subject to both the rules, and to related discipline, of this Court.  *Gillig v. Nike, Inc.*, 2010 WL 9002775, *5, No. 4:08-CV-743-A (N.D.Tex. July 22, 2010).

5.      Unbeknownst to the Court, as of the time that attorneys Vagnini and Hincken sought admission *pro hac vice* to practice before this Court, they had engaged (and continue to engage) in patently unethical conduct in violation of the New York State Rules of Professional Conduct ("NY Rules").  Incidentally, such conduct also violates the Texas Disciplinary Rules of Professional Conduct ("Texas Rules").  As a result of such unethical conduct, attorneys Vagnini and Hincken should be disciplined by this Court pursuant to Local Rule 83.8(b)(3).

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 2**

DAL:967888.3

**<u>Counsel's Unethical Behavior in Violation of Applicable Rules of Professional Conduct</u>**

6.       On October 30, 2017, five days *after* filing the Complaint in this case and more than a month *before* filing the Applications, attorneys Vagnini and Hincken and/or others acting at their direction registered the domain [www.omnihotelgenderdiscrimination.com](www.omnihotelgenderdiscrimination.com) with Network Solutions, LLC (the "Abusive Website").  A true and correct copy of the domain's registration information is attached as **App. 001-App. 007, Exhibit A**.

7.       A review of the Abusive Website reveals that attorneys Vagnini and Hincken appear to be using the domain to engage in improper trial publicity, to disrespect the rights of Defendant, to improperly advertise, and to improperly solicit clients.  The homepage contains the label "Attorney advertising" and includes a portal where individuals are encouraged to "Get in touch" with the Firm by submitting their name, email, and phone number in connection with the Firm's "Omni Hotel Investigation". A true and correct copy of the Abusive Website's homepage is attached as **App. 008 - App. 009, Exhibit B**.

8.       Attorneys Vagnini's and Hincken's use of the Abusive Website violates the following NY Rules and Texas Rules.

a.       **Rule 3.6(a) "Trial Publicity"**

Pursuant to NY Rule 3.6(a), "[a] lawyer who is participating in…a civil matter **shall not** make an extrajudicial statement that the lawyer knows or reasonably should know will be <u>disseminated by means of public communication</u> and will have <u>a substantial likelihood of</u> <u>materially prejudicing</u> an adjudicative proceeding in the matter." *See* NY Rule 3.6(a) (emphasis added).  According to the NY Rules, a statement is likely to be materially prejudicial if it relates to the "character, credibility, [or] reputation…of a party…." Rule 3.6(b)(1).  *See* NY Rule

---

[2] *See* http://www.txnd.uscourts.gov/frequently-asked-questions.

**DEFENDANT    OMNI    HOTELS    MANAGEMENT    CORPORATION'S    MOTION    FOR**
**RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION**
**PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 3**

3.6(b)(1).  The very name of the Abusive Website (www.omnihotelgenderdiscrimination.com")

is intended to besmirch the character and reputation of Omni in order to cast the company as one

that wantonly discriminates against employees based on gender.  Further, in order to ensure

dissemination to the widest possible public audience, attorneys Vagnini and Hincken selected the

internet as their chosen vehicle to carry their highly prejudicial message.

In addition, Plaintiff's attorneys have participated in multiple media interviews and at

least one press conference and made statements during such interviews and press conference that

are likely to materially prejudice Omni in this case.

Section 3.07(a) of the Texas Rules, also entitled "Trial Publicity," contains a substantially

similar prohibition against the making of prejudicial statements disseminated publicly regarding

the character or reputation of a party.  *See* Texas Rules 3.07(a).

### b.    **Rule 4.4(a) "Respect for the Rights of Third Persons"**

Pursuant to NY Rule 4.4(a), "[i]n representing a client, a lawyer **shall not** use means that

have no substantial purpose other than to embarrass or harm a third person…."  *See* NY Rule

4.4(a) (emphasis added).  There can be no doubt that the media interviews, press conference, and

Abusive Website are explicitly intended to both embarrass and harm Omni.  If attorneys Vagnini

and Hincken (or the Firm) intended to investigate Omni's treatment of female employees, the

proper vehicle for such investigation is via the discovery process.  Instead of waiting to pursue

such information through the prescribed discovery process and procedures, attorneys Vagnini

and Hincken instead registered the Abusive Website, just days after filing the Complaint, in

order to ensure maximum embarrassment of, and/or to otherwise harm, Omni.

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION
PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 4**

Section 4.04(a) of the Texas Rules, also entitled "Respect for Third Persons," contains a substantially similar prohibition against using means that have no substantial purpose other than to embarrass or burden a third party.  *See* Texas Rules 4.04(a).

c.  **Rule 7.1(a) "Advertising"**

Pursuant to NY Rule 7.1(a), "[a] lawyer or law firm **shall not** use or disseminate or participate in the use of dissemination of any advertisement that: (1) contains statements or claims that are false, deceptive or misleading; or (2) violates a Rule."  *See* NY Rule 7.1(a) (emphasis added).  The language of the Abusive Website appears to be both false and deceptive. Neither attorneys Vagnini and Hincken nor their Firm intend to actually perform any *investigation* related to Defendant Omni.  Instead, the clear intent of the Abusive Website is to solicit prospective clients that may have claims similar to Plaintiff against Omni.  As such, the use of the word "investigation" is both deceptive and misleading.  Additionally, as set forth herein, the Abusive Website violates NY Rules 3.6,  4.4 and 7.3.

Texas Rule 7.03(a), entitled "Prohibited Solicitations and Payments," contains a similar prohibition against lawyers having contact with prospective clients if the communication contains "false,…,misleading, deceptive, or unfair statements…."  *See* Texas Rule 7.03(a)(3).

d.  **Rule 7.3(a) "Solicitation"**

Pursuant to NY Rule 7.3(a), "[a] lawyer **shall not** engage in solicitation…by…interactive computer-accessed communication unless the recipient is a close friend, relative, former client or existing client."  *See* NY Rule 7.3(a) (emphasis added).  Rule 7.3(a) prohibits attorneys from using any "interactive computer-accessed communication" mechanisms for the solicitation of clients except in a few, specifically enumerated instances.  Although it is not clear whether any of the these instances have been implicated in this matter, it *is* abundantly clear that the Abusive

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 5**

DAL:967888.3

Website contains no statements or admonitions that only friends, relatives, former clients or existing clients are permitted to use or otherwise interact with the website.  The lack of any such statements indicates that attorneys Vagnini and Hincken (and the Firm) intended to use the Abusive Website in order to cast the widest possible net for the solicitation of potential clients (both current and former Omni employees) in clear violation of Rule 7.3(a).

Texas Rule 7.05(b), entitled "Prohibited Written Solicitations," does not expressly prohibit the use of computer-accessed communications like the NY Rules; however, it adds some requirements that are lacking from the Abusive Website.  *See* Texas Rule 7.05(b).   First, subsection (b)(2) requires that the word "ADVERTISEMENT" be in all caps and that it be at least three times the vertical height of the letters used in the communication. *Id.*  Neither of these requirements is satisfied by the Abusive Website.  Second, subsection (b)(3) requires that the communication not resemble legal pleadings or legal documents. *Id.*  The Abusive Website violates this requirement insofar as it contains links to the Complaint and the EEOC Determination underlying the same.

### Counsel's Unethical Behavior Justifies Discipline Under Local Rule 83.8(b)

9.      Consistent with its local rules, this Court has previously held that counsel, including those admitted to practice *pro hac vice*, engage in unethical conduct when such conduct violates applicable rules of professional conduct and that such conduct is also unbecoming of a member of the bar of this Court.  *Gillig*, 2010 WL 9002775 at *8 (court found that counsel violated LR 83.8(b) based on engaging in unethical conduct that violated Rules 3.03 and 8.04 of the Texas Disciplinary Rules of Professional Conduct and ordered counsel to show cause why the court should not impose sanctions).

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 6**

10.     Local Rule 83.8(b) gives a presiding judge the authority to, after providing a show cause opportunity to the offending counsel, "take *any* appropriate disciplinary action against a member of the bar for," among other things, failing to comply with any Court rule or engaging in unethical behavior.  *See* Local Rule 83.8(b)(emphasis added).  Subsection (e) defines "unethical behavior" as conduct "undertaken in or related to a civil action in this court that violates the [Texas Rules]."  *See* Local Rule 83.8(e).

11.     As set forth herein, attorneys Vagnini and Hincken have engaged in conduct which violates both the New York State and Texas rules of professional conduct and such conduct directly relates to the instant matter.

12.     Additionally, a district court has the inherent authority to impose sanctions in order to control the litigation before it.  *OrchestrateHR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 482 (N.D. Tex 2016) (citation omitted).  This includes the power to levy sanctions for abusive litigation practices.  *Id.* (citation omitted).  In *Trombetta*, the court found that an attorney's violation of Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct constituted bad-faith abuse of the judicial process and warranted "an appropriate response from the court." *Id.* at 487 (citation omitted).

13.     In order to ensure compliance with this Court's rules, and to address the unethical and bad-faith conduct described herein, the Court should take some or all of the following disciplinary actions against attorneys Vagnini and Hincken:

       a.     withdrawing the grant of their Applications until such time as counsel provides written certification that they (and the Firm) are in compliance with this Court's local rules;

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 7**

DAL:967888.3

3e

b.      ordering that counsel take down the Abusive Website immediately, or as soon as reasonably practical, and requiring written confirmation of compliance therewith;

c.      issuing a public reprimand for attorneys Vagnini and Hincken in order to avoid similar misconduct in the future;

d.      ordering monetary sanctions against Plaintiff (and/or attorneys Vagnini and Hincken) in an amount to be determined by the Court; and

e.      ordering expense sanctions against Plaintiff (and/or her attorneys Vagnini and Hincken) in an amount of not less than $5,000.00.

14.     Finally, to the extent that attorneys Vagnini and Hincken (or anyone at the Firm) have received information from any individuals via the "Get in touch" portal on the Abusive Website, Defendant respectfully requests that the Court order counsel to produce such information to the undersigned counsel on an expedited basis.  A review of the Abusive Website reveals that attorneys Vagnini and Hincken (and the Firm) agree that such information is not protected by the Attorney-Client privilege as the website contains a disclaimer that "No Attorney Client Relationship Can Be or Is created by this Website."

WHEREFORE, PREMISES CONSIDERED, Defendant Omni Hotels Management Corporation respectfully prays that the Court grant its Motion for Reconsideration and for Sanctions, and further grant it all other relief to which it is justly entitled.

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 8**

DAL:967888.3

Respectfully submitted,

/s/ *Marc D. Katz*
Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Micala R. Bernardo
State Bar No. 24061108
micalabernardo@andrewskurth.com
Jayde Ashford Brown
State Bar No. 24087119
jaydebrown@andrewskurth.com


ANDREWS KURTH KENYON LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

**Attorneys for Defendant**


## CERTIFICATE OF CONFERENCE

This is to certify that on December 22, 2017, the undersigned counsel conferred with Plaintiff's counsel regarding this Motion to discuss counsel's potential opposition to the same. Plaintiff's counsel indicated that the Motion is opposed and the same is hereby submitted to the Court for consideration.

/s/ *Micala R. Bernardo*
Micala R. Bernardo

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS - PAGE 9**

DAL:967888.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2017, a true and accurate copy of the foregoing document was filed using the Court's CM/ECF system, which sent a Notice of Electronic Filing via email to all counsel of record. Further, a copy was sent *via email* to the known counsel.

<u>*/s/ Micala R. Bernardo*</u>
Micala R. Bernardo

<u>**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS GRANTING APPLICATIONS FOR ADMISSION PRO HAC VICE AND/OR FOR SANCTIONS**</u> **- PAGE 10**