UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:17-CV-2942-B |
| TRT HOLDINGS, INC. AND | § | |
| OMNI HOTELS MANAGEMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Sarah Lindsley (Lindsley) has brought federal and state-law employment discrimination claims against Omni Hotels Management Corporation (Omni) and TRT Holdings, Inc. (TRT). But Lindlsey can hold Omni and TRT liable only if they are here employers under the applicable statutes. TRT has asked the Court to dismiss Lindsley's First Amended Complaint because she has inadequately pleaded that TRT is her employer. The Court **GRANTS in part** and **DENIES in part** TRT's motion.

### I.

### BACKGROUND[1]

*A.  Factual History*

Omni is a hotel chain. *Id.* ¶ 16. It operates about sixty hotels in the United States, Canada, and Mexico. *Id.* No one disputes that Omni employed Lindsley during the relevant time period.

---

[1] The Court takes its factual account from Lindsley's First Amended Complaint. Doc. 17, Pl.'s First Am. Compl.

TRT is a holding company that owns Omni. *Id.* ¶ 14. After acquiring Omni, TRT terminated many of Omni's employees, including Joy Rothschild. *Id.* ¶ 20. But TRT rehired Ms. Rothschild to serve as the Chief Human Resources Officer of both TRT and Omni. *Id.* Promotions, pay raises, and director and executive hires at TRT and Omni required Ms. Rothschild's approval. *Id.* TRT and Omni share also other executive-level employees, such as James Caldwell—the Chief Executive Officer of Omni and the President of TRT during the relevant time period. *Id.* ¶ 19. TRT also controlled Omni's fiscal matters. *Id.* ¶ 21. For example, TRT set Omni's budget, collected all of Omni's earnings, and dispersed part of Omni's earnings back to Omni. *Id.* Omni and TRT maintain the same headquarters. *Id.* ¶ 18.

B.  *Procedural History*

Lindsley filed this lawsuit on October 25, 2017 and, on January 11, 2018, her First Amended Complaint. Doc. 1, Compl.; Doc. 17, Pl.'s First Am. Compl. Lindsley claims that TRT is liable as her employer for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d) *et seq.*; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and Title II of the Texas Labor Code ("Texas Labor Code"), Tex. Lab. Code § 21.001 *et seq.* Doc. 17, Pl.'s First Am. Compl., 1. TRT moved to dismiss Lindsley's First Amended Complaint on January 25, 2018, arguing that Lindsley's First Amended Complaint insufficiently alleges that TRT was Lindsley's employer. Doc. 21, Def.'s Mot. Dismiss, 1–2. TRT's motion is ripe for review.

## II.

## LEGAL STANDARDS

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and quotations omitted).

## III.

## ANALYSIS

TRT argues that Lindlsey failed to state a claim for two reasons. First, TRT contends that Title VII, the FMLA, and the Texas Labor code require an entity to have above a certain number of employees to be an employer and that Lindsley failed to plead how many people TRT employs.

Second, TRT says Lindsley insufficiently pleaded that TRT employs Lindlsey. Doc. 21, Def.'s Mot. Dismiss, 1–2. The Court will address TRT's arguments separately.

A. *Number of Employees*

Title VII, the FMLA, and the Texas Labor Code require that a person or entity employ a threshold number of employees to be held liable as an employer. *See* 42 U.S.C. § 2000e(b) (Title VII's definition of employer); Tex. Lab. Code § 21.002(8)(A) (the Texas Labor Code's definition of employer; 29 U.S.C. § 2611(4)(A) (the FMLA's definition of employer). Lindsley has not alleged how many people TRT employs and has therefore failed to state a claim under Title VII, the FMLA, and the Texas Labor Code. The Court thus **DISMISSES without prejudice** Lindsley's Title VII, FMLA, and Texas Labor Code claims. But because the EPA does not require an entity to employee a threshold number of employees to be an employer,[2] Lindsley's EPA claim remains.

B. *Employment Relationship*

TRT asks the Court to dismiss Lindsley's claims also because she has inadequately pleaded an employment relationship between her and TRT. The Fifth Circuit applies two tests to determine whether an employment relationship exists: (1) the "single employer/integrated enterprise test," *see Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983), and (2) the "hybrid economic realities/common law test," *see Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763–64

---

[2] The EPA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

(5th Cir. 1997). Courts apply both tests in Title VII and the Texas Labor Code[3] cases.[4] *Trevino*, 701 F.2d at 404; *Cornish*, 2006 WL 509416, at *6. In FMLA cases the integrated-enterprise test applies. 29 C.F.R. § 825.104(c)(2). And in EPA cases courts use the economic-realities test.[5] 29 C.F.R. § 1620.8; *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Because Lindsley has pleaded claims under all four acts, the Court must apply both tests.

    1.    <u>Integrated Enterprise Test</u>

Under the integrated-enterprise test, courts aim to determine whether two entities are effectively a single employer. *Trevino*, 701 F.2d at 404. To determine whether to treat two entities as a single employer, courts apply the four *Trevino* factors: (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Id*. The second is the most important. *Id*.

Lindsley alleges the following facts to show that Omni and TRT are the same employer. As to centralized control of labor relations, Lindsley pleads:

- TRT terminated many of Omni's employees upon acquiring Omni;

---

[3] The Texas Labor Code is the "State of Texas equivalent" to Title VII. *Dimitric v. Tex. Workforce Comm'n*, No. CV G-07-247, 2009 WL 674391, at *1 (S.D. Tex. Mar. 13, 2009). So, Title-VII analysis of "employer" applies to the Texas Labor Code. *Cornish v. Texas Dep't of Criminal Justice*, No. 3:04-CV-0579R, 2006 WL 509416, at *6 (N.D. Tex. Mar. 2, 2006).

[4] Courts must first apply the hybrid test to determine whether any defendant employs the plaintiff. *Schweitzer*, 104 F.3d at 764. Only if a defendant satisfies the hybrid test can a court move on to determine whether other defendants also employ the plaintiff under the integrated-enterprise test. *Id.* But because no one here disputes that Omni employed Lindsley, only the integrated-enterprise test applies to Lindsley's Title VII and Texas Labor Code claims.

[5] The EPA incorporates the Fair Labor Standards Act's definition of employer and courts' analysis of that defintion. 29 U.S.C. § 201; 29 C.F.R. § 1620.8.

- TRT hired Ms. Rothschild to oversee the human resource department of both TRT and Omni;

- All promotions, pay raises, and director or executive hires at Omni and TRT required Ms. Rothschild's approval.[6]

Lindsley's allegations also suggest common management. TRT and Omni are headquartered at the same address and share executive-level employees, such as James Caldwell, who was the Chief Executive Officer of TRT and President of Omni at the relevant time. *Id.* ¶¶ 18, 19. And Lindsley pleads facts indicating that TRT controls Omni's finances by setting Omni's budget, collecting all of Omni's earnings, and distributing part of those earnings back to Omni. *Id.* ¶ 21. Overall, Lindsley's allegations make plausible that TRT and Omni are a single employer.

2. Economic Realities Test

Under the economic-realities test, courts consider whether an alleged employer: "(1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). When there may be more than one employer, courts "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990). However, "each element need not be present in every case." *Gray*, 673 F.3d at 357. Because no one disputes that Omni was Lindsley's employer, the Court need only apply the economic-realities test to TRT.

---

[6] Doc. 17, Pl.'s First Am. Compl., ¶ 20.

Lindsley's pleadings make plausible the conclusion that TRT is her employer. Lindsley's allegations that TRT fired Omni employees upon acquiring Omni and that TRT hired Ms. Rothschild as Chief Human Resources Officer over both companies illustrates TRT's power to hire and fire Omni employees, including Lindsley. Doc. 17, Pl.'s First Am. Compl., ¶ 20. And Lindsley's allegations that Omni and TRT's joint Chief Human Resources Officer had to approve her supervisors' decision to deny her certain promotions, raises, and director positions indicate that TRT supervised her and controlled her conditions of employement and determined her rate and method of payment. *See id.* ¶¶ 2–4, 20. Although Lindsley does not allege that TRT maintained her employment records, not all elements of the economic-realities test must be satisfied to establish an employment relationship. *Gray*, 673 F.3d at 357. Overall, Lindsley's pleadings make plausible that TRT was Lindsley's employer under the economic-realities test.

Because Lindsley's allegations make plausible that TRT is her employer under all four of the applicable statutes, the Court declines to dismiss Lindsley's claims on the grounds that she inadequately pleaded that TRT was her employer.

## V.

## CONCLUSION

Although Lindsley adequately pleaded that TRT was her employer, she failed to plead that TRT had enough employees to be an employer under Title VII, the FMLA, or the Texas Labor Code. Thus, the Court **GRANTS** TRT's Motion and dismisses Lindsley's Title VII, FMLA and Texas Labor Code claims without prejudice. But the Court **DENIES** TRT's motion to dismiss Lindsley's EPA claim. Lindsley must amend her complaint within thirty days of this order.

SO ORDERED.

SIGNED: July 10, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE