**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISON**

| | | |
|---|---|---|
| **SARAH LINDSLEY, on behalf of herself** | § | |
| **and all others similarly situated,** | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO. 3:17-cv-02942-C** |
| **v.** | § | |
| | § | |
| **TRT HOLDINGS, INC. and OMNI** | § | **JURY TRIAL DEMANDED** |
| **HOTELS MANAGEMENT** | § | |
| **CORPORATION,** | § | |
| | § | |
| *Defendants*. | | |

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT**
**TRT HOLDINGS, INC.'S MOTION FOR SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................ 1

II.   LEGAL AUTHORITIES .................................................................................... 3

III.   ARGUMENT .................................................................................................... 4

   A.   Defendant TRT is a Joint Employer of Lindsley and the Classes; At a Minimum There is a Genuine Issue of Fact. ............................................................................................... 5

      1.   TRT and Omni are an Integrated Enterprise ................................................. 5

      2.   TRT and Omni are Joint Employers Under the Economic Realities Test. .................... 10

   B.   Summary Judgment is Premature ..................................................................... 12

IV.   CONCLUSION ............................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Bryant v. FMC Tech.*,
2010 WL 3701576 (S.D. Tex. 2010) .................................................................. 5

*Castro v. Texas Dept. of Criminal Justice*,
541 F.App'x 374 (5th Cir. 2013) ..................................................................... 14

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ......................................................................................... 3

*Chaplin v. NationsCredit Corp.*,
307 F.3d 368 (5th Cir. 2002) ............................................................................ 4

*Coleman v. FFE Transp. Servs. Inc.*,
2013 WL 1914932 (N.D. Tex. 2013) ............................................................... 10

*Cornish v. Texas Dep't of Criminal Justice*,
2006 WL 509416 (N.D. Tex. 2006) ................................................................... 4

*Cuellar v. Keppel Amfels*,
731 F.3d 342 (5th Cir. 2013) ............................................................................ 6

*George v. Go Frac., LLC*,
2016 WL 94146 (W.D. Tex. 2016) ................................................................... 12

*Gilliam v. Watson*,
1998 WL 47611 (N.D. Tex. 1998) ................................................................... 13

*Gray v. Powers*,
673 F.3d 352 (5th Cir. 2012) ..................................................................... 5, 10

*Heller v. City of Dallas*,
303 F.R.D. 466 (N.D. Tex. 2014) .................................................................... 13

*Hester v. Jackson Public School Dist.*,
2018 WL 3614362 (S.D. Miss. July 27, 2018) ................................................ 12

*Hibernia Nat. Bank v. Carner*,
   997 F.2d 94 (5th Cir. 1993) ................................................................. 4

*Holcombe v. Advanced Integration Technology*,
   2018 WL 4908266 (E.D. Tex. 2018) ................................................... 15

*Int'l Shortstop, Inc. v. Rally's, Inc.*,
   939 F.2d 1257 (5th Cir. 1991) ........................................................ 3, 14

*Karagounis v. Univ. of Texas Health Science Center at San Antonio*,
   1999 WL 25015 (5th Cir. 1999) ........................................................... 7

*Lindsley v. TRT Holdings, Inc.*,
   2018 WL 3368930 (N.D. Texas, July 10, 2018) ............................... 5, 6, 7

*Lopez v. Reliable Clean-Up & Support Servs. LLC*,
   2018 WL 3609271 (N.D. Tex. July 27, 2018) ...................................... 10

*Market v. Extended Stay America*,
   2016 WL 2914994 (N.D. Tex. 2016) ................................................... 10

*Moore v. Willis Indep. Sch. Dist.*,
   233 F.3d 871 (5th Cir.2000) ................................................................. 3

*Orozco v. Plackis*,
   757 F.3d 445 (5th Cir. 2014) ............................................................. 11

*Osborn v. Computer Sciences Corp.*,
   2005 WL 5878602 (W.D. Tex. 2005) ................................................. 12

*Ramirez v Landry's Seafood Inn & Oyster Bar*,
   280 F.3d 576 (5th Cir. 2002) ............................................................... 3

*Rudy v. Consolidated Restaurant Co., Inc.*,
   2010 WL 3565418 (5th Cir. 2010) ..................................................... 11

*Schweitzer v. Advanced Telemarketing Corp.*,
   104 F.3d 761 (5th Cir. 1997) ........................................................... 5, 6

*Third Pentacle, LLC v. Interactive Life Forms, LLC*,
    2012 WL 27473 (S.D. Ohio Jan. 5, 2012)................................................................. 14

*Trevino v. Celanese Corp.*,
    701 F.2d 397 (5th Cir. 1983)............................................................................. 5, 6, 7

*Trigg v. Wiginton*,
    2013 WL 230365 (N.D. Tex. Jan. 2, 2013).................................................................. 3

*Vance v. Union Planters Corp.*,
    279 F.3d 295 (5th Cir. 2002)................................................................................... 6

*Velazquez v. El Pollo Regio LP, LLC*,
    2017 WL 2289185 (N.D. Tex. May 25, 2017)............................................................. 13

*Wichita Falls Office Assoc., v. Banc One Corp.*,
    978 F.2d 915 (5th Cir. 1992).................................................................................. 14

**Rules**

FED. R. CIV. P. 56(c)............................................................................................... 3

Plaintiff Sarah Lindsley, on behalf of herself and others similarly situated (collectively "Plaintiffs") files this Brief in Support of Response to Defendant TRT Holdings' Motion for Summary Judgment to the Motion for Summary Judgment filed by TRT Holdings Inc. ("Defendant" or "TRT") (Dkt. 66-2) (the "Motion").

## I.   INTRODUCTION

Defendant TRT is the parent company of Omni Hotels Management Corporation ("Omni"). A boys' club culture permeated the workplace throughout Plaintiff Lindsley's fifteen (15) year employment at Omni. This unlawful workplace environment continued and thrived under TRT's leadership. TRT exerted significant control over the labor relations and operations at Omni, and is therefore responsible for the unlawful workplace environment that endorsed sexual harassment; unequal pay for women; women being denied equal opportunity for promotions; and the retaliation against Plaintiff Lindsley.

Defendant TRT filed this Motion for Summary Judgment, arguing that Plaintiff Lindsley has failed to offer sufficient evidence that TRT is liable to Lindsley as a joint employer, in spite of the fact that Defendant TRT has <u>failed to answer any of Plaintiff Lindsley's discovery requests.</u>[1] Defendant TRT has refused to produce any documents in response to Plaintiff's requests; objected to and refused to answer any of Plaintiff's submitted Interrogatories, and has not only refused to proffer a 30(b)(6) deponent to answer any questions regarding TRT, but has also instructed Omni's 30(b)(6) deponent, Joy Rothschild, to refuse to answer any questions regarding TRT:

> Q. Have you been designated by TRT Holdings, Inc.
> 16 On Topic 2?
> 17 MR. HOBLIT: No. We're only presenting
> 18 her for Omni Hotels.
> I won't interrupt you, but it's

---

[1] Exhibit 1, Affidavit of Holt M. Lackey, sworn to January 22, 2019 at App. 001-003 (hereinafter "Lackey Aff.")

1

24 self-evident from our objections and designations.
25 MR. ELLWANGER: Understood. Is TRT --
Page 36
1 has TRT Holdings, Inc. designated a witness for any of
2 the topics contained in plaintiff's 30(b)(6) deposition
3 notice?
4 MS. BERNARDO: No.[2]

Defendant's Motion should be denied for this reason alone. Yet, while refusing to comply with any of Plaintiff's discovery requests, Defendant TRT has curiously submitted with its Motion a Declaration from TRT's Vice President and Senior Counsel, Jeremy Williams.  In his two-page Declaration, Mr. Williams summarily states that "TRT has no control over Omni's labor relations.[3]"

Despite Defendant TRT's refusal to comply with discovery and attempting to thwart Plaintiff's ability to adduce the necessary support for her claims, a basic search of publicly available information demonstrates the plethora of factual issues remaining regarding how much control TRT exerts over Omni.  While Mr. Williams' conclusory statement in his Declaration states that "TRT has no control over Omni's labor relations," his own publicly available LinkedIn page states that he oversees all "labor and employment concerns" and "operational issues" for all of TRT's holding companies, including Omni.[4] Similarly, Defendant Omni's 30(b)(6) deponent, Chief of Human Resources Joy Rothschild, who was instructed not to answer any questions regarding TRT, also references TRT's control over Omni on her LinkedIn page, writing a recommendation for Wendy Moran of Gold's Gym (another TRT holding company), stating that "we welcome Wendy with open arms to the TRT family.[5]" Further, Ms. Rothschild alleges Defendant's in-house counsel, Leanne Thoreson, (who was dealing with Plaintiff's claims of

---

[2] Exh. K, Deposition of Joy Rothschild, at p. 35-36. App. 201-209.
[3] *See* Dkt. 66-30, Declaration of Jeremy Williams.
[4] Exh. I to Lackey Aff. at App. 195-197.
[5] Exh. H to Lackey Aff. at App. 190-194.

discrimination and harassment), was solely "Omni's employment counsel."[6]   However, Ms. Thoreson's LinkedIn reveals that Ms. Thoreson listed her employer as TRT Holdings, Inc., and her duties included the requirement that she "manage litigation for each of the operating companies; provide legal advice related to operations and employment matters for the operating companies; and negotiate contracts for the operating companies."[7] This evidence regarding TRT's control of Omni, and Plaintiff's claims and employment while employed at Omni, proves that there are fact issues remaining regarding TRT's joint employer status. Defendant's Motion should be denied.

## II.    LEGAL AUTHORITIES

"A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). Any determinations regarding credibility or weighing of evidence must be given to the jury to decide.  "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263 (5th Cir. 1991); *see also Ramirez v Landry's Seafood Inn & Oyster Bar,* 280 F.3d 576, 578 n.3 (5th Cir. 2002) (stating that "resolving conflicts in testimony is the exclusive province of the trier of fact and may not be decided at the summary judgment stage."); *Trigg v. Wiginton,* 2013 WL 230365, at *5 (N.D. Tex. Jan. 2, 2013) (finding that the "court cannot resolve conflicting

---

[6] Exh. K, Rothschild Dep. at p. 165-166 at App. 201-209.
[7] Exh. J to Lackey Aff. at App. 198-200.

testimony in a movant's favor on a summary judgment motion"). Finally, the court must "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.,* 307 F.3d 368, 372 (5th Cir. 2002); *see also Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993) (citation omitted) (stating that the court must "view all of the evidence and inferences drawn from that evidence in the light most favorable to the party opposing the motion for summary judgment.").

## III.   ARGUMENT

Plaintiff Lindsley has asserted claims pursuant to the following statutes: (1) Title VII, (2) the Equal Pay Act, (3) the FMLA, and (4) Title II of the Texas Labor Code.[8]  TRT has entirely failed to comply with discovery demands and refused to produce a 30(b)(6) deponent. TRT cannot rely on its own wholesale refusal to participate in discovery in this case as the basis for what is, in effect, a no-evidence summary judgment. Discovery does not close until April 15, 2019. Plaintiff filed a motion to compel discovery potentially relevant to this Motion on October 10, 2018. Dkt. 44.  Yet despite TRT's brazen and complete refusal to participate in discovery even after the Court denied its Motion to Dismiss, the public record and TRT's public statements demonstrate that there are genuine issues of fact regarding whether TRT was a joint employer liable for the discrimination Plaintiff Lindsley and the proposed classes faced. It is undisputed that TRT is the parent company of Omni. It is likewise undisputed that the key human resources and management employees, including Omni's 30(b)(6) witness and the executive whose affidavit TRT relies on in support of this very motion, list ***themselves*** as joint TRT-Omni employees on LinkedIn and other public platforms. Indeed, the relevant human resources personnel, including those with hands-on

---

[8] The Texas Labor Code is the "State of Texas equivalent" to Title VII, and therefore, the Title VII analysis of "employer" applies to the Texas Labor Code. *Cornish v. Texas Dep't of Criminal Justice,* 2006 WL 509416 at *6 (N.D. Tex. 2006).

involvement in investigating Ms. Lindsley's complaints, list themselves as TRT employees on LinkedIn. The tension between the witnesses' public statements that *they* are joint employees and their litigation statements that ***Ms. Lindsley and the classes*** are not is enough, alone, to create a fact issue sufficient to defeat summary judgment.

A. <u>Defendant TRT is a Joint Employer of Lindsley and the Classes; At a Minimum There is a Genuine Issue of Fact.</u>

The Fifth Circuit applies two tests to determine whether a joint employment relationship exists between under the four statutes at issue in this case: (1) the "single employer/integrated enterprise test," and the "hybrid economic realities/common law test." *See* Memorandum Opinion and Order Denying Motion to Dismiss, Dkt. 31 (published as *Lindsley v. TRT Holdings, Inc.,* 2018 WL 3368930, at *2 (N.D. Texas, July 10, 2018),); *Trevino v. Celanese Corp.,* 701 F.2d 397, 404 (5th Cir. 1983) (applying the single employer/integrated enterprise test in at Title VII case and Texas Labor Code Case); *Gray v. Powers,* 673 F.3d 352 (5th Cir. 2012) (applying the hybrid economic realities test to an EPA case); *Schweitzer v. Advanced Telemarketing Corp.,* 104 F.3d 761, 763-764 (5th Cir. 1997) (applying the hybrid economic realities test). The joint employer/integrated enterprise test and the economic reality test are very similar, since both focus on the control of the alleged employer over the employee's working conditions. *See id.*[9]

1. **TRT and Omni are an Integrated Enterprise**

In employment discrimination matters "superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer."

---

[9] Although Defendant argues that because "Plaintiff was never directly employed by TRT," Plaintiff cannot establish that TRT was a joint employer, that is not the test of a joint employer. Def. Mot. at p. 7.  In fact, the courts have been clear that the "term employer was meant to be liberally construed," and all that is required is for business entities to be "sufficiently interrelated for an employee whose Title VII rights have been violated to file a charge against both entities." *Bryant v. FMC Tech.,* 2010 WL 3701576 (S.D. Tex. 2010).

*Schweitzer,* 104 F.3d at 763 *citing Trevino,* 701 F.2d at 404. Where two businesses exercise "some control over the work or working conditions of the employee, the businesses may be joint employers." *Cuellar v. Keppel Amfels,* 731 F.3d 342 (5th Cir. 2013).  The four factors to determine if defendants are an integrated enterprise are (1) interrelations of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or control. *Trevino,* 701 F.2d at 404.  Whether an employer is considered a joint employer for purposes of Title VII "is a fact intensive enterprise." *Vance v. Union Planters Corp.,* 279 F.3d 295, 297 (5th Cir. 2002). Unless the facts "clearly indicate that [plaintiff] cannot under any discernible circumstance prove single employer status," Defendant's Motion should be denied. *See id.* at p. 404-405.

Plaintiff has submitted more than sufficient evidence that TRT is a joint employer.  First, it is undisputed that Omni and TRT's corporate office share the same address.

> 17 Q. Where did you office?
> 18 A. 4001 Maple Avenue.
> 19 Q. Which companies are headquartered at 4001
> 20 Maple Avenue, just Omni?
> 21 A. No. We have Cresta Construction, Tana Oil &
> 22 Gas, Omni, Gold's, Global Hotel Alliance and TRT.[10]

Second, it is also undisputed that when TRT bought Omni in 1996, it terminated Omni's entire leadership team and put it place their own chosen leadership personnel:

> 14 Q. Why did they say they let you go in 1996?
> 15 A. Well, I was like one of 45 people let go on
> 16 the same day. They just basically came in with their
> 17 own management team and eliminated the leadership of the
> 18 current team. So it was nothing personal, but it was a
> 19 transitional change.[11]

Both of these facts point to the conclusion that TRT is an integrated enterprise and Plaintiff's employer under the statutes. *See Lindsley,* 2018 WL 3368930 at *5-6  (looking to the facts that

---

[10] Exh. K, Rothschild Dep. 32: 17-22 at App. 201-209.
[11] Exh. K, Rothschild Dep. 26: 15-23 at App. 201-209.

"TRT terminated many of Omni's employees upon acquiring Omni," and "TRT and Omni are headquartered at the same address" in finding that it was plausible that TRT and Omni are a single employer).

Courts generally focus on the second factor – centralized control of labor relations. *Trevino,* 701 F.2d at 404; *Lindsley,* 2018 WL 3368930 at *6. This inquiry looks to the "control one defendant has over the other's labor relations." *Karagounis v. Univ. of Texas Health Science Center at San Antonio,* 1999 WL 25015 at *2 (5th Cir. 1999). Plaintiff has presented a substantial amount of evidence that TRT exercised significant control over the labor relations of Omni.  Upon taking over Omni, TRT put its own senior management team in place.[12]  ***Defendant's own declarant*** publicly states that as TRT's Vice President and Senior Counsel he oversees all of Omni's "labor and employment concerns."  His noted experience reads as follows:

> TRT Holdings, Inc. is the private holding company for Omni Hotels & Resorts, Gold's Gym, Origins Behavioral Healthcare, Tana Exploration Company, and numerous other investments. <u>Jeremy oversees for the various companies all litigation and dispute related issues, labor and employment concerns, and intellectual property matters.  He also oversees all operational issues and works closely with ownership and the business teams to advise on a broad spectrum of legal and business matters.</u>[13]

(emphasis added).  While Mr. Williams claims that Omni and TRT and completely separate in his affidavit for purposes of this litigation, in the world outside of this litigation he says the opposite.  It is clear that his role is to oversee all the "labor and employment concerns" as well as "operational issues" and advises Omni personnel on a "broad spectrum of legal and business matters." *Id.*

Mr. Williams is not the only known TRT corporate employee who oversees the labor and employment processes at Omni.  During corporate representative Joy Rothschild's deposition, she explained how Plaintiff Lindsley's complaints of harassment and discrimination were directed to

---

[12] *Id.*
[13] Exh. I to Lackey Aff. at App. 195-197.

"our counsel, Leanne Thoreson," who Ms. Rothschild claims was an "Omni employment counsel."[14]  However, Ms. Thoreson's publicly available LinkedIn page lists her employer as TRT Holdings.  Her profile states that she was employed by TRT Holdings, Inc., from May 2012 – November 2016.  Her job description is listed as:

- Manage litigation for each of the operating companies
- Provide legal advice related to the operations and employment matters for the operating companies
- Negotiate contracts for the operating companies[15]

Ms. Rothschild testified that Ms. Thoreson "was **_the person_** in the building that we were supposed to call with labor issues."[16]  In fact, Ms. Rothschild directed Plaintiff's complaints to Ms. Thoreson, and told Plaintiff that "Ms. Thoreson was awaiting Ms. Lindsley's counsel to call and discuss" them.[17] Thus the primary attorney responsible for handling Plaintiff's discrimination and harassment complaints was **_TRT's_** in-house corporate counsel.  This is clear evidence of TRT's control over Omni's labor and employment issues.

Plaintiff has likewise alleged and at minimum created a fact issue that Joy Rothschild was employed by TRT when she controlled the Human Resources department at Omni, and that the two companies (and TRT's other portfolio companies) effectively shared one joint Human Resources Department. Defendant again relies on its own discovery obstruction as its basis for summary judgment on this point. Defendant argues in its Motion that "the admissible summary judgment evidence establishes that Rothschild was never employed by TRT." Def. Mot. at p. 8 (emphasis added).  However, the only reason there is no direct deposition testimony as to this is

---

[14] Exh. K, Rothschild Dep. at p. 165-166 at App. 201-209.
[15] Exh. J to Lackey Aff. at App. 198-200.
[16] Exh. K, Rothschild Dep. at p. 165-166 (emphasis added) at App. 201-209.
[17] Exh. K, Rothschild Dep. at 166: 17-20 at App. 201-209.

because during Ms. Rothschild's deposition Defendant refused to allow her to answer any questions regarding TRT.

> 24 Q. Who made that dream call?
> 25 A. Jim Caldwell.
> Page 27
> 1 Q. What's his title?
> 2 A. He was the president of Omni at the time. Now
> 3 he's -- he's the president of a different company that
> 4 is in our family of companies, but he was the president.
> 5 Q. Do you know which one that he's currently
> 6 president of?
> 7 MR. HOBLIT: I think -- do we have an
> 8 objection on that regarding the corporate structure of
> 9 TRT?
> 10 MS. BERNARDO: Yes.
> 11 MR. HOBLIT: That's on Topic 40, so I'm
> 12 going to instruct her not to answer that.
> 13 MR. ELLWANGER: Well, hold on. I get
> 14 that you can have an objection to it, but you can only
> 15 instruct the witness not to answer about privileged
> 16 issues. There's no motion for protection that was
> 17 filed. So if the witness knows the answer, she can
> 18 answer.
> 19 MR. HOBLIT: I disagree. I think we've
> 20 been very clear, as I understand it, in your
> 21 communications with Micala that we've objected to the
> 22 scope of the depositions. We've made those objections
> 23 very clear that we would allow the witness to go forward
> 24 on the topics that we've agreed to present them on.[18]

Defendant is bold indeed to completely refuse any and all discovery inquiry into TRT's relationship with Omni and then move for summary judgment on the basis that there is no evidence regarding that relationship, especially in the face of this Court's discovery order and denial of TRT's Motion to Dismiss.

The public statements by the relevant witnesses that TRT and Omni have an integrated human resources department, together with the inferences raised by TRT's refusal to participate

---

[18] Exh. K, Rothschild Dep. at p. 26-27 at App. 201-209.

in discovery, are  more than enough to require denial of Defendant's Motion. This court has stated that "it is crucial to keep in mind that, at the summary judgment stage, it is Defendant who has the burden to prove that there is no dispute of relevant fact and that Plaintiff will not be able to prove that Defendant is his employer as a matter of law." *Coleman v. FFE Transp. Servs. Inc.,* 2013 WL 1914932, at *5 (N.D. Tex. 2013) (denying defendant's summary judgment motion where defendant failed to prove that there were no issues of fact).  The parties dispute the level of control TRT exercised over Omni and that is a factual dispute that Plaintiff has offered more than enough evidence to support.  *See e.g. Lopez v. Reliable Clean-Up & Support Servs. LLC,* 2018 WL 3609271 at *8 (N.D. Tex. July 27, 2018) (denying defendant's motion for summary judgment where "the material evidence conflicts," and these facts have "a significant bearing on whether the control factor weighs in favor of employee or independent contractor status"); *Coleman,* 2013 WL 1914932, at *5 (denying summary judgment due to the parties disputing the evidence regarding joint employer status).

### 2.   TRT and Omni are Joint Employers Under the Economic Realities Test.

Defendant has also failed to prove that there are no issues of fact remaining regarding their status as an employer under the economic reality test. The economic reality test evaluates "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules of conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray,* 673 F.3d at 354.  A party need not establish every element. *Id.* at 357.  Instead, the analysis must "focus on the totality of the circumstances, underscoring the economic realities of the employees' employment." *Market v. Extended Stay America,* 2016 WL 2914994 at *5 (N.D. Tex. 2016). The guiding principle, which must be liberally construed to effectuate Congress' remedial intent, is that those who have

operating control over employees within companies may be held liable. *Orozco v. Plackis,* 757 F.3d 445, 448 (5th Cir. 2014); *Rudy v. Consolidated Restaurant Co., Inc.,* 2010 WL 3565418 at *5 (5th Cir. 2010) (stating that under the FLSA "the statutory definition of employer must be liberally construed to effectuate Congress' remedial intent.").

The same analysis as under the joint employer test applies here. Regarding element (1), the record is uncontested that TRT had the power to hire and fire employees–when TRT took over Omni it terminated 45 senior management personnel at Omni and put in place its own management team.[19]  Plaintiffs have also offered evidence supporting elements (2) and (3), as both TRT senior managers, Jeremy Williams and Leanne Thoreson, include in their public profiles managing "all labor and employment concerns" for TRT's portfolio companies, including Omni;[20] "oversee[ing] all operational issues" for the various companies, including Omni;[21] "manag[ing] litigation for each of the operating companies," including Omni[22]; and "provid[ing] legal advice related to the operations and employment matters for the operating companies," including Omni.[23] Joy Rothschild also points to the interconnected organization of TRT and its related companies.  Her recommendation for Gold's Gym employee, Wendy Moran, on August 8, 2016, stated "[w]e welcome Wendy with open arms in the TRT family," and described how she was happy to have had the chance to introduce Wendy, (a Gold's Gym employee), to "our new CIO," apparently TRT's CIO, and therefore, also in the "TRT family."[24]

---

[19] Exh. K, Rothschild Dep. at 26: 15-20 at App. 201-209.
[20] Exh. I to Lackey Aff. at App. 195-197.
[21] *Id.*
[22] Exh. J to Lackey Aff. at App. 198-200.
[23] *Id.*
[24] Exh. H to Lackey Aff. at App. 190-194.

Plaintiffs have pointed to ample evidence regarding the control Defendant exerted over the labor and employment policies at Omni - indeed TRT employee Leanne Thoreson was responsible for responding to Plaintiff's complaints of discrimination and harassment and was also who senior leadership at Omni went to for any "labor issues."[25]  Construed in the light most favorable to the Plaintiff, the evidence shows factual disputes as to whether TRT was Plaintiff's employer under the economic realities test. *See Hester v. Jackson Public School Dist.,* 2018 WL 3614362 at *2 (S.D. Miss. July 27, 2018) (finding that "the fact dispute littered throughout this record and caused by [defendant's] inconsistent, conflicting, and changing stories precludes [summary judgment] at this time.); *Osborn v. Computer Sciences Corp.,* 2005 WL 5878602 at *3 (W.D. Tex. 2005) (finding that although the question of [defendant's] status as [plaintiff's] employer is a close one, the FLSA must be "liberally construed to effectuate Congress' remedial intent" and therefore, genuine issue of material facts exist requiring denial of summary dismissal).

B.     **Summary Judgment is Premature**

In the alternative, even if the Court finds that Plaintiff has not introduced sufficient evidence to create a genuine issue of material fact regarding Defendant's employer status, the Motion should still be denied as premature, because TRT has yet to respond to any of Plaintiff's discovery requests, and discovery will not close for several months.  "The nonmoving party must have had the opportunity to discover information necessary to its opposition to the summary judgment motion before summary judgment may be granted." *George v. Go Frac., LLC,* 2016 WL 94146 at *3 (W.D. Tex. 2016).  While Defendant has refused to comply with this Court's discovery order, it has instead "railroaded" Plaintiff Lindsley with a premature motion for summary

---

[25] Exh. K, Rothschild Dep. 166: 3 at App. 201-209.

judgment. *Gilliam v. Watson,* 1998 WL 47611, at *2 (N.D. Tex. 1998) (stating that a party "may not be railroaded" by a premature motion for summary judgment).

Pursuant to FED. R. CIV. P. 56(d), this court can defer considering Defendant's Motion due to Defendant's refusal to comply with discovery requests.   Plaintiff hereby sets forth pursuant to Rule 56(d), that additional facts are needed to fully respond to Defendant's Motion.  Plaintiff has attached a declaration testifying to the fact that Defendant has yet to fully respond to Plaintiff's discovery requests.  Despite Plaintiff's multiple requests, Defendant TRT has refused to produce any evidence – by document, written statement, or deponent.  On April 13, 2018 Plaintiff served Defendant with its First Set of Requests for Production.[26]  On May 14, 2018 Defendant TRT filed its Response and objected to each of Plaintiff's 43 requests, stating that "Defendant TRT objects to this request because it did not employ Plaintiff and its Motion to Dismiss remains pending before the Court."[27]  On May 11, 2018, Plaintiff served Defendant with its Requests for Admissions.[28] Similarly to their failure to respond to Plaintiff's request for documents, TRT responded to each request by stating that "TRT objects to this Request because its Motion to Dismiss remains pending before the Court."[29]

A motion to dismiss is not a valid excuse to refuse to comply with discovery demands. "A party cannot refuse to engage in discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail." *Velazquez v. El Pollo Regio LP, LLC,* 2017 WL 2289185, at *6 (N.D. Tex. May 25, 2017) *See also Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. Tex. 2014) (citing *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No.

---

[26] Exh. A to Lackey Aff. at App. 004-023.
[27] Exh. B. to Lackey Aff. at App. 024-069.
[28] Exh. C. to Lackey Aff. at App. 070-083.
[29] Exh. D. to Lackey Aff. at App. 084-114.

3:10cv00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief—whether ultimately justified or not—provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure")).

However inappropriate it was for TRT to refuse to comply with discovery prior to the denial of their motion to dismiss, its continued refusal to comply many months after its Motion to Dismiss was denied is egregiously wrong. Defendant's Motion to Dismiss was denied by this Court on July 10, 2018, when this Court found that "[b]ecause Lindsley's allegations make plausible that TRT is her employer under all four applicable statutes, the Court declines to dismiss Lindsley's claims on the grounds that she inadequately pleaded that TRT was her employer." (Dkt. 31). Yet Defendant still refuses to comply with Plaintiff's discovery demands. Indeed, TRT failed entirely to produce a 30(b)(6) witness, even though Plaintiff did not notice the 30(b)(6) deposition <u>until after the Motion to Dismiss was denied.</u>[30]  Further, while Defendant TRT submitted amended responses to written discovery, Defendant TRT did not produce any documents.[31]

This Court should deny Defendant's Motion due to their refusal to comply with required discovery. The purpose of Rule 56(d) is to provide non-movants with a "much-needed" tool to gain the discovery necessary to "combat a summary judgment motion." *Wichita Falls Office Assoc., v. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1992).  Such "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Castro v. Texas Dept. of Criminal Justice,* 541 F.App'x 374, 377 (5th Cir. 2013) *quoting Int'l Shortstop, Inc.,* 939 F. 2d at 1267.  "[I]t would be manifestly unjust, potentially very inefficient

---

[30] Exh. F to Lackey Aff. at App. 142-157.
[31] Exh. G to Lackey Aff. at App. 158-189. Although Defendant denied three Admissions regarding TRT, it did not respond in any meaningful way.

and costly, to grant summary judgment without allowing the opposing party a full opportunity to respond based on a procedural technicality." *Holcombe v. Advanced Integration Technology,* 2018 WL 4908266 at *2 (E.D. Tex. 2018) (granting additional time to respond to summary judgment motion).  The same applies here.  It would be "manifestly unjust" to allow Defendant to refuse to comply with any of Plaintiff's discovery requests, yet file for summary judgment attaching a Declaration from a TRT corporate officer that it never allowed Plaintiff to depose.

## IV.    CONCLUSION

For all the foregoing reasons, Defendant has failed to meet its burden and the Motion should be denied.  In the alternative, Defendant's Motion should be stayed pending the completion of discovery.

Dated: January 22, 2019                            Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**Ellwanger Law LLLP**
400 South Zang Boulevard
Suite 1015
Dallas, Texas  75208
Telephone: (737) 808-2260
Facsimile:  (737) 808-2262

James A. Vagnini (admitted *pro hac vice*)
N.Y. State Bar No. 2958130
jvagnini@vkvlawyers.com
Monica Hincken (admitted *pro hac vice*)
N.Y. State Bar No. 5351804
mhincken@vkvlawyers.com
**Valli Kane &Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

15

**COUNSEL FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22, 2019 a true and correct copy of Plaintiff's Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgement was served via electronic mail on all counsel of record.

/s/ *Jay D. Ellwanger*
Jay D. Ellwanger