UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY<br><br>*Plaintiff,*<br><br>v.<br><br>TRT HOLDINGS, INC. and OMNI HOTELS MANAGEMENT CORPORATION,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>3:17-CV-2942-B<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO
RESPOND TO DISCOVERY REQUESTS**

Defendant Omni Hotels Management Corporation ("Omni" or "Defendant") hereby submits this its Motion to Compel Plaintiff to Respond to Discovery Requests and, in support thereof, respectfully state as follows:

**I.
INTRODUCTION & BACKGROUND**

1. This is an employment discrimination case. Plaintiff filed this suit on October 25, 2017.

2. On April 17, 2018, Defendant Omni served its First Requests for Production and First Set of Interrogatories on Plaintiff.

3. On September 14, 2018, Plaintiff served her second amended responses and objections to the discovery requests. As further explained below, Plaintiff's objections to several of Defendants' requests are improper and Plaintiff did not fully respond to several requests.

1

4. Defendant attempted to confer with Plaintiff in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(1) and as shown in the attached certificate of conference.

## II.
## ARGUMENTS & AUTHORITIES

5. Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. FED. R. CIV. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

6. A court may compel responses to discovery if a party did not answer an interrogatory submitted under Rule 33, or a party did not respond or permit inspection under Rule 34. FED. R. CIV. P. 37(a)(3)(B).

7. For the reasons explained below, this Court should grant Defendants' motion to compel and order Plaintiff to properly respond to the following discovery requests:

**Defendant's Interrogatories**

8. Plaintiff did not answer Defendant's Interrogatory No. 10 regarding e-mail addresses, webpage addresses, or social media she may have utilized while employed by Defendant and during this litigation:

> **INTERROGATORY NO. 10:** Identify all e-mail addresses, webpage addresses, or URLs that have been registered to or used by you since February 14, 2001, including but not limited to the URL for any Facebook, Twitter, Instagram, SnapChat, MySpace, LinkedIn, Skype, Blogger/Blogspot, Friendster, or any other page or account created and/or maintained by you on any internet-based social networking or communication site.
>
> **ANSWER:** Plaintiff objects to the Interrogatory as containing and failing to define vague and ambiguous terms (e.g., "any internet-based social networking or communication site"). Plaintiff objects to the extent this Interrogatory imposes burdens on Plaintiff beyond those contemplated by the Federal Rules of Civil Procedure, or other applicable law ("Identify all e-mail addresses, webpage addresses, or URLs that have been registered to or used by you since February 14,

2001"). Plaintiff objects to this Interrogatory on privacy grounds to the extent Defendant seeks access to Plaintiff's social media accounts ("Identify all e-mail addresses, webpage addresses, or URLs that have been registered to or used by you since February 14, 2001"). Plaintiff further objects that the Interrogatory is overbroad, harassing, oppressive and calculated to subject Plaintiff to undue burden. Plaintiff objects to this Interrogatory as it calls for information that is not relevant to the claims or defenses asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that the Interrogatory as written is not properly limited to a reasonable time frame.

9.  This request is specific, limited in time and scope, and appropriately made with reasonable particularity. Defendant is seeking relevant information that may have been posted or shared on a webpage or social media page and/or sent or received via e-mail, social media messaging, or other means utilizing the internet regarding Plaintiff's allegations against Defendant, her alleged damages in this lawsuit, and her employment with Omni. The information responsive to this request is necessary because it seeks information directly pertaining to Plaintiff's claims in this lawsuit. This request is clearly within the scope of discovery permitted by Rule 26(b).

10.  Plaintiff's objections to this request are improper. The term "internet-based social networking or communication site" is neither vague nor ambiguous, and this request is not harassing or oppressive. Further, Plaintiff fails to identify any specific burden or expense presented by this request. Plaintiff's objection "as to privacy grounds" is also unsupported, since "social media" is generally discoverable. *See, e.g., Johnson v. PPI Tech. Servs., L.P.*, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) ("Courts have recognized that social networking site ('SNS') content may be subject to discovery under Federal Rule of Civil Procedure 34." (citations omitted)). "Generally, SNS content is neither privileged nor protected by any right of privacy." *Davenport v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012) (citation omitted). Accordingly, the Court should overrule Plaintiff's objections and compel Plaintiff to respond to this request.

3

11. Plaintiff also did not answer Defendant's Interrogatory Nos. 17 and 18 regarding the legal theories and/or factual bases for her claims:

> **INTERROGATORY NO. 17:** Identify each employee of Omni Hotels that you allege was similarly situated to you, but treated more favorably than you.
>
> **ANSWER:** Plaintiff objects that this Interrogatory calls for legal conclusions as to proper comparators. Plaintiff also objects because this Interrogatory seeks information, documents, and things that are already in the possession of Defendant (*e.g.*, records related to hiring, promotions, and pay). Plaintiff objects to this Interrogatory as it is premature at this stage of the litigation, in light of the fact that discovery is not complete.
>
> **INTERROGATORY NO. 18:** For each employee identified in response to Interrogatory No. 19, describe in reasonable detail how each employee was treated more favorably than you.
>
> **ANSWER:** Plaintiff objects that this Interrogatory calls for legal conclusions as to proper comparators. Plaintiff also objects because this Interrogatory seeks information, documents, and things that are already in the possession of Defendant (*e.g.*, records related to hiring, promotions, and pay). Plaintiff objects to this Interrogatory as it is premature at this stage of the litigation, in light of the fact that discovery is not complete.

12. In these interrogatories Defendant seeks both the facts and legal theories underlying Plaintiff's claims, information which is clearly within the scope of discovery permitted by Rule 26(b). The information responsive to these requests is both necessary and relevant to this litigation, since it speaks directly to Plaintiff's claims against Defendant. Discovery in this case will soon end, and these requests are not premature. For these reasons, the Court should order Plaintiff to fully respond to both of these requests.

**Defendant's Requests for Production**

13. Plaintiff also did not fully respond to Defendant's Request for Production No. 17:

> **REQUEST NO. 17:** Produce all documents used by you in computing, or that form the basis for the computation, of the damages claimed by you in this Lawsuit, including alleged damages for emotional distress.

**RESPONSE:** Plaintiff objects to this request to the extent it requires Plaintiff to disclose information that is protected by the attorney-client or work-product privileges. Plaintiff also objects to this request to the extent that responsive information is in Defendant's possession, custody, and control or that of third parties.

14. A party to a lawsuit must provide to other parties "a computation of each category of damages claimed" and generally make available documents on which each computation is based. FED. R. CIV. P. 26(a)(1)(A)(iii). By failing to disclose and provide documentation regarding her computation of damages, Plaintiff is prejudicing Defendant's ability to obtain any additional discovery on her claims. For these reasons, the Court should order that Plaintiff's objections to this request be overruled and grant Defendant's motion to compel a complete response to this request. Specifically, if no documents support Plaintiff's computation of her damages, then Plaintiff should be required to so state.

15. Plaintiff also did not fully respond to Defendant's Request for Production No. 18:

**REQUEST NO. 18:** Produce all medical, psychiatric, or medication/prescription records and bills relating to or supporting your claim for mental and emotional damages. Alternatively, please produce the original fully executed Authorization of Release of Confidential Records form attached hereto.

**RESPONSE:** Plaintiff objects to the Defendant's Authorization of Release of Confidential Records as the Request is unlimited in time and scope and therefore requests information not relevant to the claims or defenses of Plaintiff and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that the Authorization is overbroad and in violation of the physician-patient privilege in that it seeks medical records other than those regarding the injuries caused by Defendant. Subject to and without waiving any of the foregoing objections, Plaintiff responds that she will sign a more narrowly tailored Authorization that is appropriately limited in time and scope and refers Defendants to documents Bates Stamped CONFIDENTIAL LINDSLEY 000248-000264.

16. Plaintiff claims she suffered mental and emotional damages. Consequently, Defendant seeks discovery of her medical, psychiatric, or prescription records and bills relating to or supporting her claims for those damages. This request is clearly within the scope of discovery

5

permitted by Rule 26(b). The Court should therefore compel Plaintiff to fully respond and/or order her to provide a fully executed authorization.

17. Plaintiff also did not fully respond to Defendant's Requests for Production Nos. 24 and 25:

> **REQUEST NO. 24:** Produce all documents relating to any unemployment compensation, workers' compensation, social security, and/or disability benefits applied for by you or on your behalf within the past 10 years.
>
> **RESPONSE:** Plaintiff objects to this request to the extent that responsive information is in the possession, custody, and control of third parties. Plaintiff also objects that the request is not relevant to the claims and defenses asserted in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing objections, Plaintiff refers Defendants to documents Bates Stamped LINDSLEY 000326, 000387-389.
>
> **REQUEST NO. 25:** Produce documents reflecting your income for calendar years 2015 to date of trial, including but not limited to federal income tax returns, W-2 forms, paycheck stubs, checks, insurance payments, government benefits or other income records.
>
> **RESPONSE:** Plaintiff objects to this request to the extent that responsive information is in the possession, custody, and control of third parties. Plaintiff also objects that the request is not relevant to the claims and defenses asserted in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing objections, Plaintiff refers Defendants to documents Bates Stamped CONFIDENTIAL LINDSLEY 000327-000354.

18. Plaintiff also claims she suffered economic damages. Consequently, Defendant seeks discovery of her compensation history. Again, this request is clearly within the scope of discovery permitted by Rule 26(b). The Court should compel Plaintiff to fully respond to both of these requests.

19. Plaintiff also did not fully respond to Defendant's Requests for Production Nos. 42, 43, and 44:

> **REQUEST NO. 42:** Produce all documents or communications relating to the creation, maintenance, and/or repair of

6

https://www.omnihotelgenderdiscrimination.com/ from January 1, 2017 through present.

**RESPONSE:** Plaintiff objects to this request to the extent it requires Plaintiff to disclose information that is protected by the attorney-client or work-product privileges. Plaintiff objects to this Request on the grounds and to the extent it requests information not in Plaintiff's possession, custody, or control.

**REQUEST NO. 43:** Produce all documents or communications that record, relate to, or refer to any content ever created for, revised or located at https://www.omnihotelgenderdiscrimination.com/ from January 1, 2017 through present.

**RESPONSE:** Plaintiff objects to this request to the extent it requires Plaintiff to disclose information that is protected by the attorney-client or work-product privileges. Plaintiff objects to this Request on the grounds and to the extent it requests information not in Plaintiff's possession, custody, or control.

**REQUEST NO. 44:** Produce all documents or communications that record, relate to, or refer to any internet domain names that forward or redirect to https://www.omnihotelgenderdiscrimination.com/ from January 1, 2017 through present.

**RESPONSE:** Plaintiff objects to this request to the extent it requires Plaintiff to disclose information that is protected by the attorney-client or work-product privileges. Plaintiff objects to this Request on the grounds and to the extent it requests information not in Plaintiff's possession, custody, or control.

20.  These requests are within the scope of discovery permitted by Rule 26(b), since Defendant seeks documents and communications relating to a website created specifically for this lawsuit, a website that prominently features both Plaintiff and her allegations against Defendant.

21.  Plaintiff's objections to these requests state a hypothetical or contingent possibility and are therefore improper. Further, Plaintiff does not state whether responsive documents exist— yet her responses to these requests imply that some privilege could exempt responsive documents from discovery. As this Court knows, Federal Rule of Civil Procedure 26(b)(5) provides that a party claiming a privilege is required to make the claim expressly and describe the nature of the materials not produced in a manner that will enable other parties to assess the applicability of the

7

privilege. FED. R. CIV. P. 26(b)(5). Plaintiff did not comply with these requirements, nor did she provide enough information for Defendant to determine whether responsive documents are in her possession.

22. Plaintiff also did not fully respond to Defendant's Request for Production No. 45:

**REQUEST NO. 45:** Produce all documents or communications relating to your efforts or efforts made on your behalf to contact, recruit, or solicit any current or former employee of Omni Hotels to join this Lawsuit.

**RESPONSE:** Plaintiff objects to this request to the extent it requires Plaintiff to disclose information that is protected by the attorney-client or work-product privileges. Plaintiff objects to this Request on the grounds and to the extent it requests information not in Plaintiff's possession, custody, or control.

23. This request is within the scope of discovery permitted by Rule 26(b), since it involves Plaintiff's communications with Defendant's employees regarding her claims in this lawsuit. Plaintiff's objection to this request merely states a hypothetical or contingent possibility and is therefore improper. Again, Plaintiff has not properly asserted a privilege but implies one may exist. Plaintiff's response does not state whether responsive documents exist, nor does it provide a description of any withheld materials.

24. Plaintiff also did not fully respond to Defendant's Request for Production No. 51:

**REQUEST NO. 51:** Produce all documents you received in response to any request under the Freedom of Information Act ("FOIA") relating to the allegations in this Lawsuit.

**RESPONSE:** Plaintiff objects to this Request as it seeks information already in Defendant's possession, custody or control. Subject to and without waiving these objections, Plaintiff refers Defendants to documents Bates Stamped EEOC 1-405.

25. This request is clearly within the scope of discovery permitted by Rule 26(b), since it seeks documents in Plaintiff's possession relating to the allegations in this lawsuit. However, it is impossible to determine from Plaintiff's response whether further responsive information exists. Thus, the Court should compel Plaintiff to fully respond to this request.

## III.
## CONCLUSION

26. As outlined in detail above, Plaintiff improperly objected to Defendant's Interrogatories Nos. 10, 17, and 18 and to Defendant's Requests for Production Nos. 17, 18, 24, 25, 42, 43, 44, 45, and 51. Plaintiff also failed to fully respond to each of these requests. Because Defendant's requests are proper and because Plaintiff has refused to comply with the rules, the Court should compel Plaintiff to respond adequately and any other proper relief.

Dated: November 11, 2019.

Respectfully submitted,

 */s/ R. Clay Hoblit*_____
R. Clay Hoblit
State Bar No. 09743100
Fed No. 7591
hoblit@hdr-law.com
Michael D. Hudlow, Jr.
Federal I.D. No. 34793
State Bar No. 24007403
mhudlow@hdr-law.com
Mariana Garza
Federal I.D. No. 1138409
State Bar No. 24075470
mgarza@hdr-law.com

**Hoblit Darling Ralls Hernandez & Hudlow LLP**
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78401
361.888.9392
361.888.9187 Facsimile

**ATTORNEYS FOR DEFENDANTS TRT HOLDINGS, INC. AND OMNI HOTELS MANAGEMENT CORPORATION**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of November, 2019, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil Procedure.

                                                  */s/ Michael D. Hudlow*
                                                  Michael D. Hudlow


**CERTIFICATE OF CONFERENCE**

      I, the undersigned, hereby certify that a true and correct copy of the foregoing document has been or will be served upon all counsel of record for the interested parties as listed below in accordance with the Federal Rules of Civil Procedure on this the 11th day of November, 2019 by certified mail, return receipt requested, facsimile or email.

***CM/ECF E-Service***

Jay D. Ellwanger
jellwanger@equalrights.law
Ellwanger Law LLLP
400 South Zang Boulevard, Suite 1015
Dallas, Texas 75208
Facsimile: (737) 808-2262

James A. Vagnini
jvagnini@vkvlawyers.com
Monica Hincken
mhincken@vkvlawyers.com
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Facsimile: (516) 706-0248

**COUNSEL FOR PLAINTIFF**

                                                  */s/ R. Clay Hoblit*
                                                    R. Clay Hoblit