UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-02942-X |
| | § | |
| TRT HOLDINGS, et. al, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On December 2, 2019, the Court issued a memorandum opinion and order [Doc. No. 121] granting defendant Omni Hotel Management Corp.'s ("Omni") motion for summary judgment [Doc. No. 73] against Sarah Lindsley's state and federal discrimination and retaliation claims. The Court also noted that defendant TRT Holdings, Inc.'s ("TRT") arguments pertained to its status as a parent corporation of Omni and did not address the merits of Lindsley's claims. The Court permitted TRT to file an amended motion for summary judgment. On December 16, 2019, TRT filed its amended motion for summary judgment [Doc. No. 126], which incorporates Omni's arguments against the merits of Lindsley's claims.

Lindsley asserts no independent claim against TRT that she does not assert against Omni. Additionally, TRT's motion for summary judgment seeks the same relief as Omni's motion for summary judgment sought: that Lindsley has failed to show there are genuine disputes of material fact with respect to Lindsley's

discrimination and retaliation claims. As such, the arguments provided in the order granting Omni's motion for summary judgment equally apply to TRT's pending motion for summary judgment. Therefore, for the reasons stated in this Court's order granting Omni's motion for summary judgment, the Court hereby **GRANTS** TRT's motion for summary judgment and **DISMISSES WITH PREJUDICE** Lindsley's claims against TRT. As this order resolves the outstanding issues of this case, the Court further **DENIES WITH PREJUDICE** all remaining pending motions [Doc Nos. 118 & 119].[1]

**IT IS SO ORDERED** this 7th day of February 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2), reprinted in Texas Rules of Court: Federal at 262 (West Pamp. Supp. 2019). To eliminate undue delay and unnecessary expense to the parties to this and other civil actions pending on the court's docket, and because the court has determined that the motion is suitable for resolution in this manner, the court is deciding this motion by order rather than by a more detailed memorandum opinion.