# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 7, 2021
Lyle W. Cayce
Clerk

No. 20-10263

Sarah Lindsley,

*Plaintiff—Appellant*,

*versus*

TRT Holdings, Incorporated; Omni Hotels Management Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2942

Before Clement, Ho, and Duncan, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

Equality of opportunity is fundamental to who we are, and to who we aspire to be, as a nation. Our commitment to this ideal is deeply engrained in our Constitution and in numerous federal and state laws. And a core component of our promise of equal opportunity, regardless of the circumstances of one's birth, is non-discrimination in pay. Pay disparities can of course exist for any number of reasons, including disparities that are rational in relation to value added or driven by the pool of labor available. But what we do not accept are pay disparities due to the employee's race or sex.

No. 20-10263

And that is the problem here: Sarah Lindsley has put forth a prima facie case of sex discrimination. It is undisputed that she was paid less than all three men who preceded her as food and beverage director of the Omni hotel in Corpus Christi, Texas. If there is a good explanation for that disparity, Omni is required to put one forth if it wishes to prevail in this litigation. Omni failed to do so. Yet the district court granted summary judgment to Omni anyway. That was wrong—the lack of a plausible, non-discriminatory explanation for the pay disparity may very well mean that Lindsley has a viable claim of sex discrimination. We accordingly reverse in part and remand.

## I.

Sarah Lindsley started her sixteen-year career with Omni Hotels as a server at the Omni Tucson National Resort. (Omni is owned by defendant TRT Holdings, Inc. We refer to defendants collectively as "Omni."). Working her way up, Lindsley was first promoted to an hourly supervisor position within the resort's food and beverage division in 2007, then to an outlet manager position within the same division in 2008, and finally to a general manager position at the resort's steakhouse in 2009.

For most of her time in Tucson, Lindsley was supervised by David Morgan. She alleges that Morgan engaged in inappropriate behavior, including running his fingers through her hair and sexually harassing other female servers.

In 2010, Lindsley successfully applied to be the assistant director of the food and beverage division at the Omni hotel in Corpus Christi. At first, she reported to Daniel Cornelius, Omni Corpus Christi's food and beverage director. When Cornelius resigned, Lindsley took Cornelius's position.

Her starting salary as food and beverage director was $70,851. That is $11,649 lower than Cornelius's starting salary. Her starting salary was also $6,149 and $4,149 lower than Cornelius's two male predecessors, Jason

2

No. 20-10263

Pollard and Robert Walker. For this reason, she lodged a complaint with human resources, alleging that she was not only paid less than her male predecessors, but also less than many of the male employees she supervised. She did not receive a salary increase. To make things worse, while Lindsley was in Corpus Christi, Morgan—her former supervisor in Tucson—became corporate vice president of food and beverage and allegedly made numerous sexually inappropriate remarks to Lindsley and other female employees.

In 2015, Lindsley was asked to interview for the food and beverage director position at the Omni hotel in Houston. She emailed Morgan twice to gain his support for the position but received no response. Nonetheless, Lindsley explains, the interview "went so well that the Houston Human Resources Director discussed salary, relocation, and an offer letter with her." Then Lindsley had a final, ten-minute interview with Barry Sondern, Omni Houston's general manager.

What happened during that ten-minute interview depends on who you ask. Lindsley says Sondern informed her that Morgan said she was not qualified for the position. She says Sondern explained that "he ha[d] to go with the best candidate" and that he had "two other applicants that had higher qualities than [she] did." But Sondern says that the interview was just a formality and that he had already decided to hire her. Sondern also says that Morgan expressed support for Lindsley. And after the interview, Sondern says he instructed human resources at Omni Houston to move forward with hiring Lindsley.

Afterwards, Lindsley withdrew her name from consideration, believing that she would be rejected anyway. Sondern understood this to mean that Lindsley was offended by some of his interview questions, specifically about her working relationship with her supervisor. As Lindsley explained in her withdrawal email: "I will be taking myself out of the

3

Case: 20-10263   Document: 00515725324   Page: 4   Date Filed: 01/29/2021
Case 3:17-cv-02942-X   Document 142   Filed 01/29/21   Page 4 of 15   PageID 5261

No. 20-10263

consideration, due to concerns shared with my potential future direct report that I feel tarnished my reputation and his perception of me."

The parties do not dispute that, after receiving Lindsley's withdrawal, Sondern met with Lindsley in Corpus Christi. He apologized to Lindsley for offending her, "reassured her that she was the right candidate for the Houston position," and stated that he "wanted to proceed with the offer letter process." Lindsley declined to reconsider her withdrawal, explaining that she did "not feel that it [wa]s appropriate for someone to start a job when their boss already ha[d] this kind of relationship from the interview." Lindsley testified: "I felt at that point that he was being forced to take me and I want to earn my promotions on my own merits."

In September 2015, Lindsley filed a charge of discrimination with the EEOC. Lindsley alleges that the letter notifying Omni of the charge was left open on her desk for her to find. Lindsley also alleges that after Omni received the charge, Omni Corpus Christi's general manager, Steve Keenan, took several retaliatory actions: holding meetings with her team without her, repeatedly ostracizing her, reducing her team's review scores, implementing a menu promotion without consulting her, and yelling at her in her office.

In January 2016, Lindsley met with Omni Corpus Christi's human resources director, Susan Gilbert, to discuss the possibility of leave under the Family and Medical Leave Act (FMLA) on account of mental health issues stemming from "continued workplace discrimination and retaliation." Gilbert provided Lindsley with incorrect information regarding FMLA leave, informing her that she was an essential employee and that she would lose her position if she took leave. Gilbert later corrected herself, and Lindsley took leave in March 2016, returning one month later, in April 2016.

Lindsley alleges that Omni continued to retaliate against her after she returned from leave: she received lowered annual reviews and found that

Case: 20-10263      Document: 00515725324     Page: 5      Date Filed: 01/29/2021
Case 3:17-cv-02942-X   Document 142   Filed 01/29/21   Page 5 of 15   PageID 5262

No. 20-10263

documents on her computer were deleted, which the IT department said were not recoverable. She says that she was not able to fulfill her job duties without the deleted documents. Lindsley alleges that her successor, by contrast, was able to access those documents. Lindsley took FMLA leave again in May 2016 and then left Omni in June 2016. She filed this suit in October 2017.

Lindsley brings three types of claims: (1) pay discrimination under Title VII of the Civil Rights Act of 1964, the Texas Labor Code, and the Equal Pay Act; (2) promotional discrimination under Title VII and the Texas Labor Code; and (3) retaliation for filing a charge with the EEOC and for taking FMLA leave under the FMLA, Title VII, the Texas Labor Code, and the Equal Pay Act. Omni moved for summary judgment on all claims, and the district court granted its motion in full. *Lindsley v. TRT Holdings, Inc.*, 2019 WL 6467256 (N.D. Tex. Dec. 2, 2019). Lindsley timely appealed, contending that the district court erred in granting Omni's motion for summary judgment on all claims.

## II.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). Summary judgment is appropriate if there is "no genuine dispute as to any material fact," even after giving Lindsley the benefit of all reasonable inferences in the record, and Omni is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for Lindsley. *See Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019).

No. 20-10263

### III.

We begin by addressing Lindsley's pay discrimination claims. Each of the statutes invoked in this case—Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), the Texas Labor Code, TEX. LAB. CODE § 21.051, and the Equal Pay Act, 29 U.S.C. § 206(d)(1)—prohibits discrimination in employment, including compensation, on the basis of sex. The burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs these claims. *See id.* at 802 (Title VII); *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (Texas law); *Siler-Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001) (Equal Pay Act).

Under *McDonnell Douglas*, the plaintiff has the initial burden to establish a prima facie case of pay discrimination. 411 U.S. at 802. The standards under each statute for establishing a prima facie case are similar. Under the Equal Pay Act, a plaintiff must show that "she performed work in a position requiring equal skill, effort and responsibility under similar working conditions," and that she "was paid less than members of the opposite sex." *Jones v. Flagship Int'l*, 793 F.2d 714, 722–23 (5th Cir. 1986). Under both Title VII and the Texas Labor Code, a plaintiff must show that she was paid less than members of the opposite sex for "work requiring substantially the same responsibility." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008). *See also Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917–18 (Tex. 2005) (explaining that the Texas Labor Code was meant to "correlate state law with federal law in employment discrimination cases") (quoting *Canchola*, 121 S.W.3d at 739).

If a plaintiff establishes a prima facie case, then the burden shifts to the defendant to put forth a legitimate, non-discriminatory reason for the pay disparity. *See Taylor*, 554 F.3d at 522–23; *Siler-Khodr*, 261 F.3d at 546.

Case: 20-10263   Document: 00515725324   Page: 7   Date Filed: 01/29/2021
Case 3:17-cv-02942-X   Document 142   Filed 01/29/21   Page 7 of 15   PageID 5264

No. 20-10263

Under Title VII and the Texas Labor Code (but not under the Equal Pay Act), if the employer provides such a reason, the burden shifts back to the plaintiff to establish that the employer's stated reason is pretextual. *Taylor*, 554 F.3d at 522–23.

Lindsley points to three categories of pay comparators in support of her prima facie case of pay discrimination: (1) Jason Pollard and Robert Walker, who held her position before her immediate predecessor; (2) her immediate predecessor, Daniel Cornelius; and (3) unnamed male food and beverage directors from other Omni hotels.

It is undisputed that Lindsley was paid less than her three immediate predecessors as food and beverage director of Omni Corpus Christi. As a result, she has established a prima facie case of pay discrimination, and the district court erred in concluding otherwise.

First, it is undisputed that Lindsley was paid $4,149 less than Walker and $6,149 less than Pollard. It is also undisputed that Lindsley held the same job title at the same Omni hotel as those men. What's more, Omni agrees that Lindsley established a prima facie case of pay discrimination as to Cornelius, who held the position directly after Pollard and Walker—and there is no evidence that the position has changed since then. This establishes a prima facie case of pay discrimination.

The district court therefore erred in concluding that Lindsley failed to establish a prima facie case because she "provide[d] no evidence that her job as Food and Beverage Director was in any way similar to Pollard and Walker's jobs, aside from the fact that they shared the same job title." Far from failing to show that her job was "in any way similar," Lindsley showed that she held the same position as Walker and Pollard did, at the same hotel, just a few years after they did—and that she was paid less than they were. No more is needed to establish a prima facie case. Now it is Omni's turn to put

No. 20-10263

forth a non-discriminatory reason for that pay disparity. Accordingly, we reverse and remand to give Omni the opportunity to do so.

Second, Omni agrees that Lindsley established a prima facie case of pay discrimination with regard to Daniel Cornelius. In light of the above analysis, we think it best for the district court to give a fresh look at whether Omni has proffered sufficient non-discriminatory reasons for the pay disparity, such that Omni is entitled to summary judgment.

Finally, it is undisputed that Lindsley was paid less than other male food and beverage directors at other Omni locations. As we shall explain, Lindsley may not use these pay comparators from other Omni locations to establish a prima facie case under the Equal Pay Act. But she may do so under both Title VII and the Texas Labor Code.

Under the Equal Pay Act, a plaintiff must show that the pay violation occurred within a single "establishment." 29 U.S.C. § 206(d)(1). The governing regulations explain that the term "establishment" "refers to a distinct physical place of business rather than to an entire business or 'enterprise' which may include several separate places of business. Accordingly, each physically separate place of business is ordinarily considered a separate establishment." 29 C.F.R. § 1620.9(a). Only in "unusual circumstances may . . . two or more distinct physical portions of a business enterprise [be] treated as a single establishment." *Id.* § 1620.9(b). *See also id.* ("For example, a central administrative unit may hire all employees, set wages, and assign the location of employment; employees may frequently interchange work locations; and daily duties may be virtually identical and performed under similar working conditions.").

This case does not present the "unusual circumstances" necessary under the Equal Pay Act regulations to warrant a departure from the default rule that "each physically separate place of business is ordinarily considered

8

Case: 20-10263 Document: 00515725324 Page: 9 Date Filed: 01/29/2021
Case 3:17-cv-02942-X Document 142 Filed 01/29/21 Page 9 of 15 PageID 5266

No. 20-10263

a separate establishment." *Id.* § 1620.9(a). In *Marshall v. Dallas Independent School District*, 605 F.2d 191 (5th Cir. 1979), the court held that a school district was a single establishment because all the schools in the district were controlled by a central administrative office that supervised delivery of custodial services across all schools and paid all salaries, the custodial job classification system was uniform throughout the school district, wages were set under a single wage agreement with uniform salary schedules, there was no differentiation in pay based upon the building in which the employees worked, and employees rotated through different schools. *Id.* at 194.

Here, by contrast, the record, viewed in the light most favorable to Lindsley, establishes at most that corporate executives at Omni exercised some control over hiring and salaries. While this factor is a common condition for a multi-location establishment, it is by no means dispositive. If it were, "then just about any corporation with a hierarchical management structure and a functioning human-resources department would find itself defined as a single 'establishment.'" *Renstrom v. Nash Finch Co.*, 787 F. Supp. 2d 961, 965 (D. Minn. 2011).

Generally, each Omni hotel location functions separately. It is undisputed that the general manager at each Omni property is the primary force behind all new hires, even if corporate must be on board. Unlike the school district in *Marshall*, which hired janitors on a district-wide basis subject to a wage agreement, Omni hires on a property-by-property basis and has no wage agreement. And the job duties of each food and beverage director differ by location. Accordingly, we affirm the district court's grant of summary judgment on this issue.

The same analysis does not apply, however, to her claims under Title VII and the Texas Labor Code. Those statutes contain no "establishment" requirement. Yet the district court did not address whether

No. 20-10263

Lindsley established a prima facie case under Title VII and the Texas Labor Code based on male food and beverage directors at different Omni locations. We therefore remand this issue to the district court.

* * *

We reverse the district court's grant of summary judgment for Lindsley's pay discrimination claims as it pertains to Walker, Pollard, and Cornelius—the three men who previously held the same position as Lindsley yet were paid more. We affirm the district court's grant of summary judgment for Lindsley's Equal Pay Act claim insofar as it relies on other unnamed male food and beverage directors from different Omni hotels. We remand for a determination of whether Lindsley can establish a prima facie case with respect to those comparators under Title VII and the Texas Labor Code.

## IV.

Turning to her promotional discrimination claims: Lindsley argues that Omni violated Title VII, 42 U.S.C. §§ 2000e *et seq.*, and Tex. Lab. Code §§ 21.001 *et seq.*, by declining to promote her because of her sex. We utilize the same *McDonnell Douglas* burden shifting framework for these claims, too. *See McDonnell Douglas*, 411 U.S. at 802; *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 764 n.5 (Tex. 2018). To establish a prima facie case, the plaintiff must show "(1) that [she] is a member of the protected class; (2) that [s]he sought and was qualified for the position; (3) that [s]he was rejected for the position; and (4) that the employer continued to seek or promote[ ] applicants with the plaintiff's qualifications." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004). The district court stopped here, granting Omni's motion for summary judgment because Lindsley could not "show that she was ever rejected for the Omni Houston Food and Beverage Director position." It reasoned that, because Lindsley withdrew

her name from consideration and understood that she would have been given the offer if she reconsidered, Lindsley was not rejected.

We agree. The record is undisputed that Lindsley understood she would get the job if she reconsidered. She testified in her deposition that she did "not feel that it is appropriate for someone to start a job when their boss already has this kind of relationship from the interview." She said: "I felt at that point that he was being forced to take me and I want to earn my promotions on my own merits." Lindsley disputes what occurred during her final, ten-minute interview with Sondern. But that dispute is immaterial because it does not change the fact that Sondern later traveled to Corpus Christi and essentially offered Lindsley the job. Lindsley was thus not rejected by Omni—she rejected the opportunity. Accordingly, we affirm summary judgment for Omni on her promotional discrimination claims.

## V.

Lindsley's retaliation claims fare no better. She alleged that Omni retaliated against her, first, for filing an EEOC charge, in violation of the Equal Pay Act, 29 U.S.C. § 215(a)(3), Title VII, 42 U.S.C. § 2000e-3(a), and the Texas Labor Code, TEX. LABOR CODE § 21.001 *et seq.*, and second, for requesting and eventually taking FMLA leave, in violation of the FMLA, 29 U.S.C. § 2615(a).

We analyze retaliation claims under Title VII, the Texas Labor Code, and the FMLA pursuant to the *McDonnell Douglas* burden-shifting framework, and we are offered no reason why we should not do the same under the Equal Pay Act. *See Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) ("Retaliation claims under both Title VII and the FMLA . . . are analyzed under the *McDonnell Douglas* burden-shifting framework."); *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) ("The substantive law governing Title VII and [Texas Labor

Code] retaliation claims is identical."). To establish a prima facie case of retaliation, a plaintiff must "demonstrate that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Gorman*, 753 F.3d at 170 (quoting *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013)). "Adverse employment action" is a materially adverse action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). If the plaintiff establishes a prima facie case, then the burden shifts to the defendant to demonstrate a legitimate, non-retaliatory reason for the employment action. *See Gorman*, 753 F.3d at 171.

The district court concluded that Lindsley failed to establish a prima facie case of retaliation because she could not demonstrate an adverse employment action. We agree.

Lindsley argues that "material parts of [her] job duties were removed from her." But the only example she provides is when Omni Corpus Christi's general manager, Steve Keenan, emailed Lindsley's team giving them a deadline for a menu promotion without allowing Lindsley to speak to her team directly. This one instance does not amount to a material change in job duties—much less one likely to dissuade a reasonable worker from making a charge of discrimination—under governing precedent. As the Supreme Court has made clear, "petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Burlington*, 548 U.S. at 68.

Lindsley also says that, after she filed her charge, Keenan "became increasingly hostile," including on one occasion "screaming at her,

No. 20-10263

slamming her office door, and banging his fists on her desk." But Lindsley's own statements establish that Keenen yelled at her not because of her EEOC charge, but in response to her "concerns with the ambassador meeting and [Keenan] having conversations with [her] team, and then giving them directions with out [sic] [her] present." And we have previously observed that "criticism, such as [a supervisor's] oral threats or abusive remarks, does not rise to the level of an adverse employment action." *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000).

The district court also held that Lindsley failed to establish adverse employment action in response to her requesting and taking FMLA leave. We agree with this conclusion, too.

According to Lindsley, when she requested information regarding FMLA leave, Susan Gilbert, the head of human resources for Omni Corpus Christi, "threatened [her] and intentionally misinformed [her] that if she took FMLA leave, she would not have a job when she returned, [and] she would have to forfeit all of the paid time off she accrued." But Lindsley does not dispute that Gilbert quickly corrected her mistake. As the district court concluded: "Lindsley provides no evidence, aside from her subjective belief, that Gilbert was threatening her or creating a hostile work environment." And "[w]e have consistently held that an employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *EEOC v. La. Off. of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995).

When Lindsley returned, she alleges Keenan gave her a "drastically lowered" performance evaluation, "told [her] directly that [she] was no longer wanted," and that "[she] was causing issues." But the performance review Lindsley received was for her performance in 2015—before her 2016 leave under the FMLA. And the evaluation said that she "met expectations" despite the fact "2015 was an extremely difficult year for the overall hotel."

13

No. 20-10263

*See generally Dupont-Lauren v. Schneider (USA), Inc.*, 994 F. Supp. 802, 824 (S.D. Tex. 1998) (collecting Fourth, Seventh, and Tenth Circuit cases holding that "satisfactory but diminished evaluations do not constitute adverse employment actions giving rise to actionable retaliation claims.").

Lindsley also alleges that, when she returned, all of her computer files were gone, and the IT department told her that they were unrecoverable. After she left Omni, by contrast, her successor was able to recover some of those files by speaking with Gilbert. But Lindsley puts forth no evidence that the deletion of the computer files was in any way motivated by retaliation.

Finally, Lindsley argues that she was constructively discharged. To establish constructive discharge, she must "offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994). The evidence Lindsley presents in support of her constructive discharge argument does not differ from the evidence she presents in support of her claim of an adverse employment action. Nor does our legal conclusion. Just as the evidence is insufficient to establish that a reasonable employee would be dissuaded from filing an EEOC complaint, it is likewise insufficient to show that a reasonable employee would feel "compelled to resign." *Id.*

Accordingly, we affirm the district court's grant of summary judgment for Omni as to Lindsley's retaliation claims.

\* \* \*

It is undisputed that Lindsley was paid less than the three previous men who held her exact same position. That is enough to establish a prima facie case of pay discrimination. So we disagree with the district court's grant of summary judgment for that reason. But we agree with the district court that Lindsley's evidence is insufficient to create a prima facie case as to her

No. 20-10263

promotional discrimination and retaliation claims. Accordingly, we reverse in part and affirm in part.

15