# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **SARAH LINDSLEY** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.** |
| | § | |
| | § | **3:17-CV-2942-X** |
| | § | |
| **v.** | § | |
| | § | |
| **TRT HOLDINGS, INC. and OMNI** | § | **JURY TRIAL DEMANDED** |
| **HOTELS MANAGEMENT** | § | |
| **CORPORATION,** | § | |
| | § | |
| *Defendants.* | § | |

## SUPPLEMENT TO DEFENDANTS' BRIEF IN SUPPORT OF RENEWED MOTIONS FOR SUMMARYJUDGMENT PROVIDING TABLES OF CONTENTS AND AUTHORITIES[1]

---

R. Clay Hoblit
State Bar No. 09743100
Federal I.D. No. 7591
hoblit@hdr-law.com
Michael D. Hudlow, Jr.
Federal I.D. No. 34793
State Bar No. 24007403
mhudlow@hdr-law.com
Mariana Garza
Federal I.D. No. 1138409
State Bar No. 24075470
mgarza@hdr-law.com

Hoblit Darling Ralls Hernandez & Hudlow LLP
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78401
361.888.9392
361.888.9187 Facsimile

---

[1] Defendants did not include a Table of Contents or Table of Authorities when it initially filed its motion, and files this supplement to conform with Local Rule 7.2.

**ATTORNEYS FOR DEFENDANTS TRT
HOLDINGS, INC. AND OMNI HOTELS
MANAGEMENT CORPORATION**

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................1

II.    PROCEDURAL HISTORY...........................................................................2

III.   STATEMENT OF MATERIAL FACTS .........................................................3

IV.    ARGUMENT AND AUTHORITIES................................................................12

       A.  Defendants are Entitled to Summary Judgment on Plaintiff's Pay
           Discrimination Claims .....................................................................12

           1.  Plaintiff's Equal Pay Act claims are time-barred ...............13

           2.  Plaintiff's EPA claims fail as a matter of law because her
               compensation was higher than the average compensation of
               male employees in her position............................................15

           3.  Plaintiff's EPA claims fail as a matter of law because her
               predecessors were paid higher initial salaries due to factors
               other than sex ..................................................................17

           4.  Plaintiff's Title VII claims as to her predecessors fail as a
               matter of law ..................................................................19

           5.  Plaintiff's Title VII claims are also time-barred ..................21

           6.  The Texas Labor Code's 180-day limitations period bars
               Plaintiff's claims .............................................................24

           7.  Plaintiff cannot establish a prima facie case of pay
               discrimination under Title VII as to unnamed employees
               who worked at other Omni hotels .......................................24

V.     PRIOR MOTIONS & BRIEFS....................................................................26

VI.    CONCLUSION........................................................................................27

# TABLE OF AUTHORITIES

*Ambrose v. Summit Polymers, Inc.*,
No. 05-1048, 2006 U.S. App. LEXIS 7911 (6th Cir. Mar. 24, 2006) .........................................15

*Bertotti v. Philbeck, Inc.*,
827 F.Supp. 1005 (S.D.Ga.1993) ...........................................................................................17

*Browning v. Sw. Research Inst.*,
288 Fed. Appx. 170 (5th Cir. 2008) ........................................................................................14

*Caldwell v. Univ. of Houston Sys.*,
520 F. App'x 289, 293 (5th Cir.2013) ......................................................................................20

*Caldwell v. Univ. of Houston Sys.*,
No. H-11-2014, 2012 WL 2912033 (S. D. Tex. July 16, 2012) ..................................................20

*Christopher v. Mobil Oil Corp.*,
950 F.2d 1209 (5th Cir.1992) ..................................................................................................23

*Clemente v. Oregon Dept. of Corrections*,
2006 U.S. Dist. LEXIS 47393, aff'd, 315 Fed. Appx. 657 (9th Cir. 2009) .................................16

*Corning Glass Works v. Brennan*,
417 U.S. 188 (1974) ...............................................................................................................18

*Deleon v. Gen. Insulation, Inc.*,
575 F. App'x 292 (5th Cir. 2014) ............................................................................................21

*Diamond v. T. Rowe Price Associates, Inc.*,
852 F. Supp. 372, 395 (D. Md. 1994) ......................................................................................16

*E.E.O.C. v. J.H. Walker, Inc.*,
CIV.A.H-05-2232, 2007 WL 172626 (S.D. Tex. Jan. 18, 2007) ..........................................18, 19

*E.E.O.C. v. TXI Operations, L.P.*,
394 F. Supp. 2d 868 (N.D. Tex. 2005) .................................................................................18, 20

*Ellis v. Smithkline Beecham Corp.*,
2008 U.S. Dist. LEXIS 60740 (W.D. Wash. Aug. 4, 2008) .......................................................16

*Gallagher v. Kleinwort Benson Gov't Sec., Inc.*,
698 F. Supp. 1401 (N.D. Ill. 1988) ..........................................................................................17

*Galvan v. Caviness Packing Co., Inc.*,
546 F. Supp. 2d 371 (N.D. Tex. 2008) .....................................................................................20

*Ghirardo v. Univ. of S. Cal.*,
156 Fed. Appx. 914 (9th Cir. 2005) ........................................................................16

*Ghiselli v. Greyhound Lines, In*c.,
CIV. A. H-12-990, 2014 WL 1022887 (S.D. Tex. Mar. 17, 2014) ............................14

*Hein v. Oregon College of Educatio*n,
718 F.2d 910 (9th Cir.1983) ...................................................................................16

*Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*,
579 F.3d 546 (5th Cir. 2009) ..................................................................................13

*Jones v. Flagship Int'l*,
793 F.2d 714 (5th Cir. 1986) ..................................................................................17

*Jackson v. Honeywell Int'l, Inc.*,
601 F. App'x 280 (5th Cir. 2015) ......................................................................19, 24

*Jackson v. Watkins*,
619 F.3d 463 (5th Cir. 2010) ..................................................................................24

*Kern v. GE Capital Info. Tech. Solutions*,
No. 3:01-CV-2109-P, 2003 U.S. Dist. LEXIS 10797 (N.D. Tex. Feb. 19, 2003) ........................17

*King v. Univ. Healthcare Sys., L.C.*,
645 F.3d 713 (5th Cir. 2011) ............................................................................18, 19

*Koerts v. MCI Telecommunications Corp.*,
No. 95 C 1039, 1997 U.S. Dist. LEXIS 618 (N.D. Ill. Jan. 22, 1997) ........................18

*Lenihan v. Boeing, Co.*,
994 F. Supp. 776 (S.D. Tex. 1998) ........................................................................13

*Lyons v. Burlington Coat Factory Warehouse*,
2004 WL 515585, 2004 U.S. Dist. LEXIS 3575 (N.D. Tex. 2004) ............................18

*Marting v. Crawford & Company*,
203 F.Supp.2d 958 (N.D.Ill.2002) ........................................................................17

*Martin v. Kroger Co.*,
65 F.Supp.2d 516 (S.D. Tex. 1999) ........................................................................23

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) ..........................................................................................24-25

v

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988) ........................................................................................13

*Messer v. Meno*,
130 F.3d 134 (5th Cir. 1997) ..........................................................................21

*Moskowitz v. Trustees of Purdue Univ.*,
5 F.3d 279, 282 (7th Cir. 1993) .......................................................................23

*Plemer v. Parsons--Gilbane*,
713 F.2d 1127 (5th Cir.1983) ...................................................................... 18-19

*Pouncy v. Prudential Ins. Co.*,
668 F.2d 795 (5th Cir.1982) ............................................................................18

*Reich v. Bay, Inc.*,
23 F.3d 110 (5th Cir. 1994) .............................................................................13

*Rush v. Scott Specialty Gases, Inc.*,
113 F.3d, 476 (3rd Cir., 1997) ........................................................................23

*Sabree v. United Broth. Of Carpenters and Joiners*,
921 F.2d 396 (1st Cir., 1990) ..........................................................................23

*Tarrango v. Johnson & Johnson Med., Inc.*,
949 F. Supp. 1285 (W.D. Tex. 1996) .........................................................14, 19

*Taylor v. Gen. Tel. Co. of the Southwest*,
759 F.2d 437 (5th Cir. 1985) ..........................................................................21

*Texas Dep't of Community Affairs v. Burdine*,
450 U.S. 248 (1981) ........................................................................................25

*Waggoner v. City of Garland, Tex.*,
987 F.2d 1160 (5th Cir.1993) ..........................................................................20

*Webb v. Cardiothoracic Surgery Assoc.*,
139 F.3d 532 (5th Cir. 1998) ..........................................................................21

*Vadie v. Miss. State Univ.*,
218 F.3d 365 (5th Cir. 2000) ..........................................................................22

*Vaughn v. Woodforest Bank*,
665 F.3d 632 (5th Cir. 2011) ..........................................................................25

**RULES & STATUES**

29 C.F.R. § 1620.10 ................................................................................16

29 U.S.C. § 255(a) ............................................................................13, 14

29 U.S.C. § 206(d)(1) ...........................................................................18

42 U.S.C. § 2000e-5(e)(1) .......................................................................21

Tex. Lab. Code §§ 21.202(a) ...................................................................24

Dated:  April 12, 2021

Respectfully submitted,

*/s/ Michael D. Hudlow, Jr.*
R. Clay Hoblit
State Bar No. 09743100
Federal I.D. No. 7591
hoblit@hdr-law.com
Michael D. Hudlow, Jr.
Federal I.D. No. 34793
State Bar No. 24007403
mhudlow@hdr-law.com
Mariana Garza
Federal I.D. No. 1138409
State Bar No. 24075470
mgarza@hdr-law.com

**Hoblit Darling Ralls Hernandez & Hudlow LLP**
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78401
361.888.9392
361.888.9187 Facsimile

**ATTORNEYS FOR DEFENDANTS TRT HOLDINGS, INC. AND OMNI HOTELS MANAGEMENT CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of April, 2021, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil Procedure.

### <u>*CM/ECF E-Service*</u>

Jay D. Ellwanger
jellwanger@equalrights.law
Ellwanger Law LLLP
400 South Zang Boulevard, Suite 1015
Dallas, Texas 75208
Facsimile: (737) 808-2262

James A. Vagnini
jvagnini@vkvlawyers.com
Monica Hincken
mhincken@vkvlawyers.com
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Facsimile: (516) 706-0248

**COUNSEL FOR PLAINTIFF**

/s/ Michael D. Hudlow, Jr.
Michael D. Hudlow, Jr.