UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:17-CV-02942-X |
| TRT HOLDINGS INC; OMNI HOTELS & RESORTS; and OMNI HOTELS MANAGEMENT CORPORATION, | § § § § § § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Omni and TRT Holdings's renewed motions for summary judgment. [Doc. Nos. 152, 153]. For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** the motions for summary judgment.[1]

### I.   Factual Background

The facts of this case are fully set out in the Court's previous Memorandum Opinion and Order,[2] so the Court will not repeat them here.

### II.   Legal Standards

Summary judgment is appropriate only if, viewing the evidence in the light

---

[1] The defendants filed one brief in support of their motions for summary judgment, so the Court will consider them together.

[2] Doc. No. 121.

1

most favorable to the non-moving party,[3] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "A fact is material if it 'might affect the outcome of the suit,'" and a "factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[5]

At issue here are Lindsley's claims for pay discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lily Ledbetter Fair Pay Act of 2009 (Title VII); the Equal Pay Act of 1963 (Equal Pay Act); and Title II of the Texas Labor Code. Each of these claims is governed by the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*.[6]

### III.   Analysis

As a preliminary matter, the Court addresses the defendants' new statute of limitations arguments. The defendants now argue, for the first time on remand, that Lindsley's Equal Pay Act and Title VII claims are time barred. Lindsley argues that because this is the first time the defendants have raised any statute of limitations defense, the arguments are forfeited. The Court agrees. The defendants forfeited this argument by failing to raise the issue in their first motion for summary

---

[3] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).

[4] FED. R. CIV. P. 56(a).

[5] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[6] 411 U.S. 792 (1973). The Fifth Circuit and the Texas Supreme Court have established that this framework also applies for discrimination claims under the Texas Labor Code, which was designed to execute Title VII. TEX. LAB. CODE § 21.001(1); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 764 n.5 (Tex. 2018); *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011) (applying the *McDonnell Douglas* framework to a Texas Labor Code claim).

judgment.[7] The only questions on remand are whether Lindsley has established a prima facie case of discrimination under Title VII and whether the defendants have met their burden under the Equal Pay Act so that they are entitled to summary judgment.[8]

The Court now turns to Lindsley's remaining pay discrimination claims. The Court of Appeals held that Lindsley established a prima facie case of employment discrimination as to her three immediate predecessors, Pollard, Walker, and Cornelius.[9] On remand, the Court now looks to whether Lindsley has established a prima facie case of discrimination under Title VII and the Texas Labor Code based on the pay for male food and beverage directors at different Omni locations.

### A.  Equal Pay Act

Lindsley has met her prima facie case of employment discrimination under the Equal Pay Act. The Court finds that the defendants have failed to meet their burden of persuasion to show that the pay differential was justified under the Act.[10] The

---

[7] "When a party fails to pursue a claim or defense beyond the party's initial pleading, the claim is deemed abandoned or waived." *Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*, 304 F. Supp. 3d 525, 540 (N.D. Tex. 2018) (Lindsay, J.) (citing *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (noting that "an issue raised in the complaint but ignored at summary judgment may be deemed waived" (cleaned up))).

[8] "[T]he [mandate] rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). The Court cannot allow the defendants to "revive in the second round an issue [they] allowed to die in the first." *Id.* (quoting *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997)). Notably, the defendants do not respond to Lindsley's forfeiture argument.

[9] Doc. No. 142 at 7.

[10] *See Jones v. Flagship Int'l*, 793 F.2d 714, 722 (5th Cir. 1986) (cleaned up).

Court therefore **DENIES** the defendants' motion for summary judgment on Lindsley's Equal Pay Act claim.

### B. Title VII and Texas Labor Code

To establish a prima facie case of pay discrimination under Title VII, Lindsley has the burden of production and persuasion to show that she was (1) a member of a protected class and (2) paid less than a non-member for work requiring substantially the same responsibility.[11] Under element (2), Lindsley must show that her circumstances are "nearly identical to those of a better-paid employee who is not a member of the protected class."[12]

For her claims under Title VII, Lindsley lists as pay comparators unnamed male food and beverage directors from other Omni locations. It is undisputed that Lindsley was paid less than these other male food and beverage directors. The only issue on remand is whether the work of the male directors consisted of "substantially the same responsibility." "By properly showing a significant difference in job responsibilities, [the defendants] can negate [this] crucial element[] in [Lindsley's] prima facie case."[13]

The Court considers a variety of factors "when determining whether a comparator is similarly situated, including job responsibility, experience, and qualifications."[14] "The employment actions being compared will be deemed to have

---

[11] *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008); *Jones*, 793 F.2d at 722.

[12] *Taylor*, 554 F.3d at 522.

[13] *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018).

[14] *Mitchell v. Mills*, 895 F.3d 365, 370–71 (5th Cir. 2018).

been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor, or had their employment status determined by the same person, and have essentially comparable violation histories."[15]  Courts have found that "[j]ob titles and pay grades are insignificant in determining whether jobs are substantially similar."[16]  "Additionally, positions requiring different qualifications, even if superficially comparable, are not similarly situated for the purposes of Title VII."[17]  "Where an employee is hired for one set of tasks, but occasionally has interim duties that overlap with some of another employee's duties, those employees are not nearly identical and cannot serve as comparators under Title VII."[18]

As evidence that the unnamed, male food and beverage directors were nearly identical, Lindsley points to each position's job description, which she alleges are all identical.  But the defendants argue that the job descriptions are not identical; instead, each Omni hotel is unique, and each hotel's food and beverage department's responsibilities vary.  Thus, the defendants argue that because Lindsley cannot show that the comparators were similarly situated employees who worked under nearly identical circumstances, her prima facie case must fail.

---

[15] *Frazier v. Sabine River Auth. La.*, 509 F. App'x 370, 372 (5th Cir. 2013) (cleaned up).

[16] *Meek v. City of Dall.*, No. 3:05-CV-1032-P, 2006 WL 8437548, at *7 (N.D. Tex. Dec. 19, 2006) (Solis, J.) (citing *Williams v. Galveston Indep. Sch. Dist.*, 78 F. App'x 946, 949 & n.9 (5th Cir. 2003)).

[17] *Id*. (citing *Caesar v. Lamar Univ.*, 147 F. Supp. 2d 547, 552–53 (E.D. Tex. 2001)).

[18] *Fields v. Austin*, No. 9-13-CV-250, 2014 WL 11332260, at *4 (E.D. Tex. Dec. 10, 2014) (citing *Tillman v. S. Wood Pres. of Hattiesburg, Inc.*, 250 F. App'x 622, 625 (5th Cir. 2007)), *aff'd sub nom. Fields v. Stephen F. Austin State Univ.*, 611 F. App'x 830 (5th Cir. 2015).

Setting aside the fact that Lindsley provides no information[19] about the employees at the other Omni locations, a review of each position's job description shows that the positions are not identical as Lindsley alleges. First, three other locations require the food and beverage director to have a four-year college degree and five years of leadership experience.[20] The Corpus Christi requires no such qualification.[21] Second, the Austin Downtown and Houston locations have job responsibilities that the Corpus Christi director does not have: The Houston food and beverage director is responsible for directing property operations in the general manager's absence, "[s]upports and assists Reservations and Night Audit in training and staff supervision," and conducts a "[d]aily inspection of all public areas."[22] The Austin Downtown director is required to "[d]evelop an action plan for revenue generation" and must be "familiar[] with parking validation procedures."[23] These examples show that the jobs are not nearly identical.[24]

But the dissimilarities don't end there. Other locations' directors all report to the hotel's general manager, while the Corpus Christi director reports to a director of

---

[19] Not even their names.

[20] Doc. No. 163 at 4; *see also* Doc. No. 87 at 80, 83, 86.

[21] Doc. No. 163 at 4; *see also* Doc. No. 87 at 92–95; *Meek*, 2006 WL 8437548, at *7 ("[P]ositions requiring different qualifications, even if superficially comparable, are not similarly situated for the purposes of Title VII.").

[22] Doc. No. 163 at 4 n.10; *see also* Doc. No. 87 at 76.

[23] Doc. No. 163 at 4 n.10; *see also* Doc. No. 87 at 97.

[24] See *Fields*, 2014 WL 11332260, at *4 ("Where an employee is hired for one set of tasks, but occasionally has interim duties that overlap with some of another employee's duties, those employees are not nearly identical and cannot serve as comparators under Title VII.").

operations.[25] The Dallas and Mandalay locations also vary considerably in size and revenue from Corpus Christi. For example, the Dallas location has ten food and beverage outlets, and the director "oversees over 500 [food and beverage] employees, including more than a dozen [food and beverage] outlet managers, an Executive Chef, an Executive Sous Chef, a Chef de Cuisine, and a Pastry Chef."[26] In comparison, the Corpus Christi location has three food and beverage outlets and oversees fewer than 100 food and beverage employees.[27]

While some locations contain nearly identical job descriptions,[28] without more, job titles and descriptions are insufficient evidence that the employees are nearly identical.[29] And the Fifth Circuit "has stated that the job content and actual job requirements, not the job title, classification or description, are determinative."[30] Devin Burns, the Vice President of Food and Beverage for Omni testified in his deposition that the duties of the food and beverage director at each hotel vary; while the job descriptions show some of the key responsibilities of the position, they are not

---

[25] Doc. No. 163 at 2 n.5; *see also* Doc. No. 87 at 92.

[26] Doc. No. 155 at 10.

[27] Omni states that the Houston location also brings in more revenue and has more employees and larger food and beverage outlets than Corpus Christi. Doc. No. 154 at 4.

[28] But the Corpus Christi "Hotel Specific Essential Functions" are unique from any other hotel's job descriptions. Doc. No. 163 at 2 n.5; Doc. No. 87 at 95.

[29] *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 617 (5th Cir. 2020) ("The mere fact that Badgerow shared the same job title as the senior male AFAs is insufficient to meet her burden to show that they are proper comparators." (citing *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 346–48 (7th Cir. 1988) (concluding that, on their own, "job titles and job descriptions" cannot establish "job equality"))).

[30] *Montgomery v. Clayton Homes Inc.*, 2003 WL 1922917, at *2, 65 F. App'x 508 (5th Cir. 2003) (per curiam) (analyzing Equal Pay Act and Title VII claims); *Badgerow*, 974 F.3d at 617.

comprehensive indicators of the content and actual job requirements.[31] All the responsibilities, complexities, and nuances of each hotel cannot be included in the job description.[32] So "[w]ithout knowing the identity, salary, . . . experience, or qualifications"[33] of the food and beverage directors at the other Omni locations, or the duties *actually performed* by these employees, the Court cannot properly compare them to Lindsley. She therefore fails to carry her prima facie burden of showing that she was paid less than a non-protected class member for work requiring substantially the same responsibility.

Apparently recognizing this fact, Lindsley states that there are "unresolved discovery disputes" and that the defendants have "refused to provide the information necessary to conduct a company-wide analysis."[34] She argues that the defendants have only provided "hand-picked" job descriptions, but beyond this "minimal information," they have "continued to refuse to provide [her] with any documentation or evidence, which is in their sole control."[35] But as the defendants point out, when this Court first granted summary judgment, Lindsley had no discovery motions pending, and her motions to compel were decided well before the Court ruled on the

---

[31] *See* Doc. No. 75 at 206; *see also* Doc. No. 154 at 6.

[32] *See* Doc. No. 75 at 206; *see also* Doc. No. 154 at 6.

[33] *See Kidd v. City of Hous.*, No. 4:17-CV-01695, 2019 WL 6913317, at *5 (S.D. Tex. Feb. 7, 2019).

[34] Doc. No. 161 at 11.

[35] *Id.* at 23.

summary judgment motions. Further, Lindsley does not request—or meet the standard for obtaining—additional discovery or a continuance under Rule 56.[36]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the defendants' motions for summary judgment.

**IT IS SO ORDERED** this 13th day of January, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[36] *McAlister v. Livingston*, 348 F. App'x 923, 940 (5th Cir. 2009) ("After a party files a motion for summary judgment, the nonmoving party may seek a continuance if he believes that additional discovery is necessary to respond to the motion. To attain additional discovery, the nonmoving party must show how the additional discovery will defeat the summary judgment motion. This showing may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." (cleaned up)).