**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISON**

| | | |
|---|---|---|
| SARAH LINDSLEY, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 3:17-cv-02942-X |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | |
| TRT HOLDINGS INC; OMNI HOTELS & | § | **JURY TRIAL DEMANDED** |
| RESORTS; and OMNI HOTELS | § | |
| MANAGEMENT CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S MOTION IN LIMINE**

Before the voir dire examination of the jury panel, and outside the presence and hearing of the jury panel, Plaintiff Sarah Lindsley ("Plaintiff") makes this Motion in Limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or where the prejudicial effect substantially outweighs any probative value of the evidence. If Defendants interject these matters into the trial of this case through a party, an attorney, or a witness, it will cause irreparable harm to Plaintiff's case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a mistrial, Plaintiff urges this Motion in Limine.

Plaintiff asks the Court to instruct Defendants and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling from the Court outside the presence and hearing of the jury, and to instruct Defendants and all counsel to warn and caution each witness to follow the same instructions.

**NO. 1:**     **ANY REFERENCE, EVIDENCE, STATEMENT OR QUESTIONS THAT SUGGEST, HINT, OR INTIMATE THAT PLAINTIFFS' ATTORNEYS HAVE A CONTINGENT FEE IN THIS CASE**

Such reference, evidence, statements and/or questions are irrelevant to the claims alleged in this lawsuit. FED. R. EVID. 402. The probative value, if any, of any such testimony or evidence would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**NO. 2:**     **ANY REFERENCE TO DISCOVERY DISPUTES, EXCLUDED EVIDENCE, FAILURE TO PRODUCE EVIDENCE, AND/OR OBJECTIONS TO EVIDENCE**

Any reference to discovery disputes, Court-ordered excluded evidence, Plaintiff's failure to produce documents or evidence—where Defendants did not pursue such documents by means of a motion to compel—has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**NO. 3:**     **ANY REFERENCE TO ANY CORRESPONDENCE, DISCUSSIONS, STATEMENTS, OR DISAGREEMENTS BETWEEN COUNSEL IN THIS CASE**

Any such reference has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**NO. 4:**       **ANY REFERENCE TO SETTLEMENT DEMANDS OR NEGOTIATIONS**

Any testimony, documents, evidence or reference to any negotiations or settlement demands made by any Plaintiff during this litigation. Offers of settlement and compromise, including conduct and statements made in negotiations, are inadmissible. FED. R. EVID. 408. Any records concerning settlement and efforts of conciliation are not relevant to any matter at issue. FED. R. EVID. 402. Further, admission of such records is likely to confuse the jury on damages issues and prejudice the jury as to the value of Plaintiffs' claims, which far outweighs the probative value, if any, of such evidence. FED. R. EVID. 403.

**NO. 5:**       **ANY REFERENCE TO THIS MOTION OR THE COURT'S ORDER REGARDING THIS MOTION**

Any reference to the filing of these Motions or to any ruling by the Court in response to these Motions is irrelevant to the claims and defenses of this lawsuit. FED. R. EVID. 402. Such references are inherently prejudicial in that they suggest or imply that Plaintiff has sought to prohibit proof or that the Court has excluded proof of matters damaging to Plaintiff's case. FED. R. EVID. 403.

**NO. 6:**       **ANY STATEMENT BY DEFENDANT THAT PLAINTIFFS FAILED TO CALL ANY WITNESS EQUALLY AVAILABLE TO DEFENDANT AND SUBSTANCE OF THE TESTIMONY**

Any reference or statement made by Defendants that Plaintiff failed to call any witness equally available to Defendants, through prior depositions or otherwise, is inadmissible. Such statements could lead jurors to draw an adverse inference regarding the selection of witnesses, which would unfairly prejudice, confuse, and mislead the jury. FED. R. EVID. 403. *Parthenon Unified Memory Architecture LLC v. Apple,* 2016 WL 7743510 at *3 (E.D. Tex. 2016) *quoting Herbert v. WalMart Stores, Inc.,* 911 F.3d 1044, 1048 (5th Cir. 1990) (stating that "the trier of fact

may draw no inference from a party's mere failure to call a witness who is susceptible to subpoena by either party"). Furthermore, any speculation as to the substance of the testimony of the absent witness would improperly prejudice, confuse, and mislead the jury. FED. R. EVID. 403.

**NO. 7:** **ANY MENTION BY THE DEFENDANTS' ATTORNEYS REGARDING THEIR PERSONAL OPINIONS ABOUT THE CREDIBLITY OF ANY WITNESS**

Defendants' attorneys' opinions regarding the credibility of any witness is not relevant to any claim or defense of this lawsuit. FED. R. EVID. 402. Further, the probative value, if any, of any such opinions would be greatly outweighed by the danger of unfair prejudice, confusion of issues, and/or risk of misleading the jury. FED. R. EVID. 403. It is the duty of the jury to evaluate and determine the credibility of a witness, and this evaluation should not be swayed by attorney opinion.

**NO. 8:** **ANY REFERENCE, EVIDENCE, INFERENCE, OR STATEMENT REGARDING PLAINTIFF LINDSLEY'S POST-EMPLOYMENT PERIOD**

Any allegations regarding Plaintiff Lindsley's performance or terminations from subsequent employment are highly prejudicial, and highly likely to confuse the issues and mislead the jury. FED. R. EVID. 403. Any such mention, reference, comment, inference, evidence, testimony or document is not relevant to any claim or defense in this lawsuit, as Plaintiff is not seeking front pay damages. FED. R. EVID. 402. Further, the probative value, if any, of any such comment would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**NO. 9:** **ANY EVIDENCE THAT DEFENDANT DID NOT PRODUCE IN DISCOVERY.**

Defendants should not be permitted to present any evidence it did not produce in response to requests for production.

**NO. 10:** **ANY REFERENCE, EVIDENCE, INFERENCE, OR STATEMENT ALLEGING PLAINTIFF LINDSLEY WAS DATING A MARRIED MAN**

Any allegations regarding Plaintiff Lindsley's personal relationship with a married man are highly prejudicial and the probative value, if any, of any such allegation would be greatly outweighed by the danger of unfair prejudice. FED. R. EVID. 403.

**NO. 11:** **ANY REFERENCE, EVIDENCE, INFERENCE, OR STATEMENT CONCERNING ANY SEXUAL ASSAULT OR SEXUAL ABUSE OF PLAINTIFF WHEN SHE WAS A CHILD**

Any allegations regarding Plaintiff Lindsley's sexual abuse as a child are highly prejudicial and the probative value, if any, of any such allegation would be greatly outweighed by the danger of unfair prejudice. FED. R. EVID. 403.

**NO. 12:** **ANY REFERENCE, EVIDENCE, INFERENCE, OR STATEMENT CONCERNING PLAINTIFF BEING RAISED IN OR GROWING UP AS A MEMBER OF A CULT.**

Any allegations regarding Plaintiff Lindsley being raised in or growing up as a member of a cult are highly prejudicial and the probative value, if any, of any such allegation would be greatly outweighed by the danger of unfair prejudice. FED. R. EVID. 403.

**NO. 13:** **ANY REFERENCE, EVIDENCE, INFERENCE, OR STATEMENT CONCERNING DEFENDANTS' OCTOBER 2018 MOTION FOR SANCTIONS**

The Court denied the Defendants' motion. Such information is irrelevant and substantially more prejudicial than probative as it is not probative as to liability, damages, or remedies, and any probative value is substantially outweighed by the unfair prejudice of baseless accusations. FED. R. EVID. 401, 402, and 403.

Dated:  February 20, 2023                    Respectfully submitted,

By: */s/ Jay D. Ellwanger*
    Jay D. Ellwanger
    Texas State Bar No. 24036522
    jellwanger@equalrights.law
    David W. Henderson
    Texas State Bar No. 24032292
    dhenderson@equalrights.law
    **Ellwanger Law, LLLP**
    400 S. Zang Blvd., Suite 600
    Dallas, Texas 75208
    (469) 998-6775 Telephone
    (469) 998-8002 Facsimile

    James A. Vagnini (admitted *pro hac vice*)
    N.Y. State Bar No. 2958130
    jvagnini@vkvlawyers.com
    Monica Hincken (admitted *pro hac vice*)
    N.Y. State Bar No. 5351804
    mhincken@vkvlawyers.com
    **Valli Kane & Vagnini, LLP**
    600 Old Country Road, Suite 519
    Garden City, New Yorki 11530
    (516) 203-7180 Telephone
    (516) 706-0248 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, a true and correct copy of the above and foregoing document was served on all counsel of record via the Courts ECF system.

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger