UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-02942-X |
| | § | |
| TRT HOLDINGS, INC., OMNI | § | |
| HOTELS & RESORTS, and OMNI | § | |
| HOTELS MANAGEMENT | § | |
| CORPORATION | | |
| *Defendants*. | | |

**DEFENDANTS' TRIAL BRIEF IN SUPPORT OF OBJECTIONS TO EEOC FILE
DOCUMENTS AND LETTERS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, TRT Holdings, Inc. ("TRT") and Omni Hotels Management
Corporation ("Omni") (collectively, "Defendants") in the above-entitled matter, and files this their
Trial Brief In Support of Defendants' Objections to EEOC File Documents and Letters. As shown
below and as set forth in Defendant's prior objections to exhibits contained in the Joint Status
Report [Doc. 201], Plaintiff's attempt to interject the EEOC investigation and conclusions into
evidence would confuse the issues, be highly prejudicial, and ignore the underlying lack of
trustworthiness that has been demonstrated throughout the factual and procedural history of this
case.

**A.      Procedural Background**

Plaintiff first filed her charge of discrimination with the U.S. Equal Employment
Opportunity Commission ("EEOC") on October 27, 2015, complaining of both pay discrimination
and promotion discrimination. PX 60. As part of the Charge, Plaintiff attached an unsigned and
unsworn statement prepared by Plaintiff or her lawyers. This attachments includes numerous

allegations which have either been disproven in this case or are factually or legally untenable, which both confuses the issues and seeks to interject irrelevant and prejudicial matters. Specifically, the attachment alleges promotional discrimination, addresses general complaints against David Morgan—with respect to whom Plaintiff has still not shown any nexus to any alleged adverse action related to her pay—and attempts to interject issues related pay for employees at other distinct properties. Plaintiff then amended her charge with the EEOC to allege retaliation for filing her charge and for taking FMLA leave and included another unsworn and unsigned attachment nearly identical to that in Plaintiff's Exhibit 60. PX 62.

Ultimately, and in direct conflict with the ruling of this Court on applicable issues of law and fact, the EEOC issued a Letter of Determination on May 30, 2017 which Plaintiff seeks to admit as Plaintiff Trial Exhibit 59. Plaintiff likewise seeks to introduce as Trial Exhibit 66 correspondence from the EEOC concluding that Defendant Omni retaliated against Plaintiff for filing an EEOC claim and for taking FMLA leave. Notably, PX 66 makes no mention of pay. These EEOC determination letters along with any testimony or documents of a similar nature should be excluded from evidence as they are both more prejudicial then prohibitive and lack trustworthiness.

**B.**     **Objections to Plaintiff Exhibit 59 and 66**

As a fundamental matter, the trustworthiness of the investigation and its conclusions are severely in question given that every other allegation for which the EEOC found a violation has been summarily dismissed in this Court. Even for the remaining pay discrimination claims, the conclusions are further untrustworthy because they rely on inadmissible hearsay, do not attempt to explain the basis for their findings, and, of equal importance, appear to be based on analysis beyond the scope of the "single-establishment" at issue here; thus, if any law was applied by the

EEOC in making its conclusions, it would be of a broader and different scope as compared to what the jury will be assessing. Given this lack of trustworthiness and the intertwined nature of the various claims presented to the EEOC but not at issue here, introduction of the nominal determination letter from the EEOC made Plaintiff Exhibit 59 would be improper and highly prejudicial.

While the Court's reliance on *McClure v. Mexia Independent School District* for the proposition that EEOC findings are generally considered probative is well-placed, *McClure* itself clarifies why Plaintiff's attempt to enter the EEOC's findings and related documents in evidence here is improper.  750 F.2d 396, 400 (5th Cir. 1985). As an initial matter, the Court in *McClure* recognizes that a "defendant may properly contend that the EEOC determination is nevertheless inadmissible upon a showing that 'the sources of information or other circumstances indicate the lack of trustworthiness.'" *McClure*, 750 F.2d at 400.

In the present case, the Court has already determined that the vast majority of the findings in PX 59 and 66 are inaccurate and/or outright incorrect, indicating that "circumstances indicate a lack of trustworthiness." *Id*. Moreover, Defendants have objected to introduction of evidence on these same grounds. *See* FED. R. EVID. 803(8)(B). Accordingly, Defendants' objections to Plaintiff Exhibit 59 should be sustained.

The presumption of probative value articulated in *McClure* is likewise inapplicable here because the findings of the EEOC sound as an improper and highly prejudicial finding of violation. In 1994, approximately nine (9) years after the ruling in *McClure*, The Fifth Circuit held that courts have discretion to exclude EEOC letters, stating "we have held that the *McClure* and *Smith* decisions should not 'be read as leaving district courts without discretion under Rule 403 to exclude such reports if their probative value is substantially outweighed by prejudicial effect or

other considerations enumerated in this rule.'" *EEOC. V. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) *citing Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-202 (5th Cir. 1992). Agreeing with the Ninth Circuit, the Court in *Manville* quotes "the Ninth Circuit held that an EEOC letter of violation is excludable because it 'suggests that preliminarily there is a reason to believe that a violation has taken place' and therefore results in unfair prejudice to defendant." *Id*., *citing Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488. 1500 (9th Cir. 1986).

Additionally, the Court in *Manville* states that there is an important distinction between the facts presented to them and those in *McClure*: "in the instant case the lower court considered a letter of violation, similar to the letter involved in *Gilchrist* rather than the letters of reasonable cause which were evaluated in *McClure* and *Smith*." *Id*. at 1095. The Court in *Manville* goes on to hold "[w]e agree with the Ninth Circuit's holding in *Gilchrist* that a letter of violation 'represents a determination by the EEOC that a violation of the Act has occurred and thus results in a much greater possibility of unfair prejudice'" *Id*. at 1095.

In the present case, examination of Plaintiff's proposed trial exhibits 59 and 66 reveals they are letters of violation. As these documents make conclusory and direct findings as to violations of Title VII and the EPA (despite explaining the basis for this conclusion), they are, on their face, highly prejudicial. *Id.* Given the legitimate concerns about the trustworthiness of the EEOC investigation and conclusions and the extreme prejudice that would be borne on Defendants through its introduction to evidence, Defendants object to Plaintiff's Exhibits 59 and 66 and any related EEOC documents rendering similar conclusions.

Respectfully submitted,

By: /s/ *Michael D. Hudlow, Jr.*
        Michael D. Hudlow, Jr.
        Federal I.D. No. 34793
        State Bar No. 24007403
        mhudlow@hdr-law.com
        **HOBLIT DARLING RALLS HERNANDEZ**
        **& HUDLOW, L.L.P.**
        802 North Carancahua, Suite 2100
        Corpus Christi, Texas 78401
        (361) 888-9392 – Telephone
        (361) 888-9187 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**OF COUNSEL:**

Conner R. Jackson
Federal I.D. No. 2515700
State Bar No. 24087786
cjackson@hdr-law.com
**HOBLIT DARLING RALLS HERNANDEZ**
**& HUDLOW, L.L.P.**
802 North Carancahua, Suite 2100
Corpus Christi, Texas 78401
(361) 888-9392 – Telephone
(361) 888-9187 – Facsimile

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

        This is to certify that on March 5, 2023, a true and correct copy of the foregoing document was served on counsel listed below in accordance with the Federal Rules of Civil Procedure via the Electronic Case Filing system.

| | |
|---|---|
| Jay D. Ellwanger | Robert J. Valli, Jr |
| jellwanger@equalrights.law | rvalli@vklawyers.com |
| David Henderson | James A. Vagnini |
| dhenderson@equalrights.law | jvagnini@vkvlawyers.com |
| Ellwanger Law LLLP | Monica Hincken |
| 400 South Zang Boulevard, Suite 600 | mhincken@vkvlawyers.com |
| Dallas, Texas 75208 | Valli Kane & Vagnini, LLP |
| **COUNSEL FOR PLAINTIFF** | 600 Old Country Road, Suite 519 |
| | Garden City, New York 11530 |
| | Facsimile: (516) 706-0248 |
| | **COUNSEL FOR PLAINTIFF** |

                                  */s/ Michael D. Hudlow, Jr.*
                                    Michael D. Hudlow, Jr.