UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| SARAH LINDSLEY, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 3:17-cv-02942-X |
| § | |
| v. § | |
| § | |
| § | |
| § | |
| TRT HOLDINGS, INC. and OMNI § | JURY TRIAL DEMANDED |
| HOTELS MANAGEMENT § | |
| CORPORATION, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' TRIAL BRIEF REGARDING EEOC DOCUMENTS AND LETTERS**

A. INTRODUCTION

Plaintiff Sarah Lindsley ("Plaintiff") provides this response to Defendants TRT Holdings, Inc. ("TRT") and Omni Hotels Management Corporation ("Omni") (collectively "Defendants") Trial Brief in Support of Defendants' Objection to EEOC File Documents and Letters. As detailed herein, Defendants' objections are without merit, seek to exclude probative evidence, and should be dismissed.

B. THE EEOC DETERMINATION IS TRUSTWORTHY AND PROBATIVE

Defendants contend that Plaintiff's Exhibits 59 and 66 should be excluded because they lack trustworthiness under Federal Rule of Evidence 803(8)(C) and are more prejudicial than probative under Rule 403. Defendants' objections should be dismissed, as detailed herein.

1

I.      **The EEOC'S FACTUAL FINDINGS ARE TRUSTWORTHY**

Federal Rule of Evidence 803 creates an exception to the rule against hearsay for "[a] record or statement of a public office if it sets out: in a civil case ... factual findings from a legally authorized investigation." FED. R. EVID. 803(8)(A)(iii). Here, the EEOC conducted an extensive investigation that included multiple requests for information and significant documentary evidence after which the EEOC made factual findings. *See Skelton v. Exam'r Corp.*, No. 1:18-CV-203, 2019 WL 13217114, at *3 (E.D. Tex. Oct. 29, 2019) (holding that when the EEOC makes a cause finding or reaches a determination, the "factual findings" requirement is met). Defendants can disagree with those findings, but their disagreement does not equate with untrustworthiness. The 5th Circuit has held that when making a trustworthiness determination "courts must evaluate the report's reliability by focusing upon the methodology behind the report rather than upon its findings and conclusions. Consequently, the party opposing the admissibility of a government report must demonstrate that it was compiled utilizing methods that cannot be relied upon; general complaints that the report is incomplete or inaccurate go to the weight afforded the report rather than to its admissibility." *Eason v. Fleming Companies, Inc.*, No. 92-1390, 1993 WL 13015208, at *3 (5th Cir. Aug. 24, 1993); see also *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 158 (5th Cir. 1972) ("The Commission is not a party to the litigation and can have no interest therein. The investigator had no personal involvement in the situation. There is no reason to suspect any lack of trustworthiness").

To support their claim that the EEOC determination lacks trustworthiness, Defendants fail to specifically address whether the EEOC utilized methods that cannot be relied upon and instead argue that "the investigation and its conclusions are severely in question given that every other allegation for which the EEOC found a violation has been summarily dismissed in this Court." Dfs

2

Brief at 2. Defendants provide no legal support for the argument that a Court's ultimate determination about claims is determinative of the EEOC's trustworthiness because it is an unsupportable argument. Indeed, given that position, Defendants must also accept the opposite as true – that because the 5th Circuit unequivocally stated that Plaintiff Lindsley "was paid less than all three men who preceded her," the EEOC's determination on that point is both trustworthy and true. *See Lindsley v. TRT Holdings, Inc*., 984 F.3d 460, 464 (5th Cir. 2021).

Further, with respect to Defendants' argument that the EEOC's analysis appears to extend beyond the Corpus Christi property, the Determination makes evident that a joint establishment argument was not required for the pay discrimination finding. The Determination specifically states that "despite [Plaintiff's] prior level of experience, training in the restaurant industry, and her job history with [Defendant], [Plaintiff]'s earnings were significantly less than her male predecessors who held the exact same job, *in the same establishment*, and under the same conditions" (emphasis added). The Determination further states that "[Defendant] paid lower wages to [Plaintiff] than it paid to male employees *in the same establishment* for substantially equal work on jobs, the performance of which required equal skill, effort, and responsibility, and was performed under similar working conditions." (emphasis added). PX 59. Again, these findings mimic the 5th Circuit's holding that Plaintiff was paid less than her three male predecessors *Lindsley v. TRT Holdings, Inc*., 984 F.3d 460, 464 (5th Cir. 2021).

## II.     The EEOC DETERMINATION LETTER IS NOT HIGHLY PREJUDICIAL

While EEOC determinations and findings of fact are not binding on the trier of fact, the 5th Circuit has repeatedly made it clear that they "are admissible as evidence in civil proceedings as probative of a claim of employment discrimination at issue in the civil proceedings." *Kriegel*

*v. United States Through United States Dep't of Agric.,* No. 5:04-CV-132-C, 2005 WL 8159380, at *10 (N.D. Tex. Jan. 26, 2005) citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 894 (5th Cir. 1998) (internal citations and quotations omitted); *see also See DeCorte v. Jordan*, 497 F.3d 433, 440 (5th Cir. 2007) ("EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination." (quoting *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985)); *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 827 (E.D. Tex. 2014), aff'd, 640 F. App'x 393 (5th Cir. 2016); *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 888 (S.D. Tex. 2010); *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) ("[t]he fact that an [EEOC] investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred, is highly probative of the ultimate issue involved in such cases").

In addition, "the balancing test of Rule 403 should not be misused in such a way that "would end the presumption that evaluative reports are admissible hearsay under Rule 803(8)(C)." *Cortes v. Maxus Expl. Co.*, 977 F.2d 195, 201 (5th Cir. 1992). Instead, "[t]he defendant is free to present evidence refuting the findings of the EEOC or point out deficiencies in the same, with regard to the weight, if any, to be given by the trier of fact to the EEOC determination." *Lindsey v. Prive Corp.,* 161 F.3d 886, 894 (5th Cir. 1998).

The United States Court of Appeals for the Fifth Circuit has recognized a difference between what it is referred to as a "letter of violation" and a "reasonable cause" finding, holding that reasonable cause letters are "presumptively admissible because they are 'so highly probative of [discrimination]'" that the probative value outweighs potential prejudice. *Equal Employment Opportunity Comm'n v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) (quoting

4

*McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985)), while letters of violation are "categorical legal conclusion[s]" that a violation has occurred. *Id.*

While Plaintiff does not agree with Defendants' contention that the Exhibits are letter of violation, as discussed at the pre-trial conference, Plaintiff is agreeable to a compromise that will redact the Exhibits at issue to leave only those findings that relate to the remaining causes of action. *See* Exhibits 1 and 2. With these proposed redactions, Defendants concerns about direct findings of violations are no longer relevant and there would be no possibility of unfair prejudice to Defendants.

Dated: March 6, 2023                          By: */s/ Jay D. Ellwanger*
                                              Jay D. Ellwanger
                                              Texas State Bar No. 24036522
                                              jellwanger@equalrights.law
                                              **Ellwanger Henderson LLLP**
                                              400 S. Zang Blvd., Suite 600
                                              Dallas, Texas 75208
                                              (737) 808-2260 Telephone
                                              (737) 808-2262 Facsimile

                                              Monica Hincken (admitted *pro hac vice*)
                                              N.Y. State Bar No. 5351804
                                              mhincken@vkv.law
                                              **Valli Kane & Vagnini, LLP**
                                              600 Old Country Road, Suite 519
                                              Garden City, New York, 11530
                                              (516) 203-7180 Telephone
                                              (516) 706-0248 Facsimile