UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY, §<br>§<br>*Plaintiff,* §<br>§<br>§<br>§<br>§<br>v. §<br>§<br>TRT HOLDINGS, INC. and OMNI §<br>HOTELS MANAGEMENT §<br>CORPORATION, §<br>§<br>*Defendants.* § | | CIVIL ACTION NO.<br><br>3:17-CV-2942-X<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON THE VERDICT**

COME NOW Defendants TRT Holdings, Inc. ("TRT") and Omni Hotels Management Corporation ("Omni") (collectively, "Defendants") and file this their Response in Opposition to Plaintiff's Motion For Entry of Judgment on the Verdict (the "Motion").[1] In support thereof, Defendants would respectfully show the Court as follows:

### I.      FACTUAL & PROCEDURAL BACKGROUND

Judgment in favor of Plaintiff cannot be supported by either verdict. By their first verdict, the jury found no liability, no backpay on a pay discrimination claim, and a gender-neutral application of gender-neutral policies for pay decisions as to Plaintiff. On the second verdict, the jury again found no backpay and the gender-neutral application of Omni's policies. Plaintiff

---

[1] Defendants file subject to and without waiving their Motion to Enter Judgment in Favor of Defendants and, in the alternative, Motion for New Trial [Docs. 243, 244] and Renewed Motion for Judgment as a Matter of Law and Conditional Granting of New Trial [Docs. 240, 241].

entirely ignores the first verdict, but even the second verdict, because of these underlying findings by the jury, cannot support entry of judgment in favor of Plaintiff.

## II. ARGUMENTS & AUTHORITIES

A trial court's entry of judgment and ruling on a motion for judgment as a matter of law is appealable regardless of whether a new trial is granted. *Nimnicht v. Dick Evans, Inc.*, 477 F.2d 133, 134-35 (5th Cir. 1973); Fed. R. Civ. P. 50(c)-(e).

**A. Plaintiff Ignores the First Verdict, Which Must Be Entered as a Defense Verdict.**

Plaintiff's Motion makes no mention of the first verdict entered by the jury. [Doc. 231]. This comes as no surprise, as that verdict is indisputably a complete defense verdict. However, as set forth in Defendants' Motion to Enter Judgment, which is incorporated herein, the first verdict must not only be considered, but judgment must be entered consistent with this verdict. *See Nimnicht*, 477 F.2d at 134-35; *McCollum v. Stahl*, 579 F.2d 869, 870-1 (4th Cir. 1978). Accordingly, Plaintiff's Motion must be denied on this basis alone.

**B. The Second Verdict, If Considered, Likewise Requires Entry of a Defense Verdict Based on Controlling Special Answers in Favor of Defendants. If Judgment is Not Entered in Favor of Defendants, Inherent Inconsistencies in the Answers to the Second Verdict Prohibit Entry of Judgment Under this Verdict.**

Even if the jury's second verdict is considered, judgment cannot be entered in favor of Plaintiff on this verdict. Plaintiff contends that the second verdict of the jury is a general verdict or a "general verdict accompanied by interrogatories" and requests entry of judgment pursuant to Rule 58(a)(2). [Doc. 246, p. 2]. Accordingly, as confirmed by *Gaia*—a case cited by Plaintiff—Rule 58's application here is controlled by the provisions of Rule 49(b). *Gaia Techs., Inc. v. Recycled Prod. Corp.*, 175 F.3d 365, 370-71, n. 5, 6 (5th Cir. 1999) (overturning judgment issued pursuant to Rule 58 based on analysis of Rule 49). This rule provides, in pertinent part, as follows:

> (3) *Answers Inconsistent with the Verdict.* When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:

> (A) approve, for entry under Rule 58, an appropriate judgment according to the answers, ***notwithstanding the general verdict***;…
>
> (4) *Answers Inconsistent with Each Other and the Verdict.* ***When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered***; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.

Fed. R. Civ. P. 49(b)(3)(A), (4) (emphasis added).

While Question No. 1 answered by the jury (i.e., the answer changed from "No" to "Yes" following re-submission to the jury) is arguably a general verdict, the answers to the remaining questions are not consistent with such a verdict. Based on the plain language of Rule 49, these answers prevail over the general verdict, thus requiring a defense verdict consistent with these answers or otherwise prohibiting entry of judgment. *Id.*

Specifically, in response to Questions 2(3) and (4), the jury determined that Plaintiff was not entitled to back pay for relevant adverse action, damages and limitations periods. [2] [Doc. 232]. As a result, the jury's findings are tantamount to a finding both that Plaintiff's claims under Title VII and the Texas Labor Code are time-barred and that Plaintiff could not meet her prima facie burden to prove that she was paid less than her alleged pay comparators during this controlling adverse action period. *See Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 356 (5th Cir. 2013) ("[A] claim based on [an allegedly discriminatory] act is not actionable under Title VII if the act occurred more than 300 days before the charge was filed."). This, of course, is consistent with facts which were stipulated to prior to trial. [Doc. 219, ¶¶ 38, 39, 60].

---

[2] Notably, Plaintiff does not seek an award of backpay in their Motion. Though now waived, in any event, it would be improper here. "[B]ackpay is not an automatic or mandatory remedy[.]" *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415 (1975). Further, back pay is only appropriate for consideration "once a victim has demonstrated economic loss as the result of discrimination." *Reynolds v. Octel Communications Corp.,* 924 F. Supp. 743, 747 (N.D. Tex. 1995). As there was no such evidence of economic loss here, the jury's determination cannot be disregarded. *See White v. Irene's Cuisine, Inc.*, No. CIV.A. 01-3912, 2003 WL 22077801, at *2 (E.D. La. Sept. 5, 2003) ("In this case, the Court accepted the jury's advisory verdict, because it was consistent with the evidence presented.").

In an attempt to avoid this inconsistency, Plaintiff relies on *Abner v. Kansas City S. R. Co.*, 513 F.3d 154 (5th Cir. 2008). *Abner* was not a pay discrimination case, though; rather, it pertained to claims of a hostile work environment. The present situation is very different, not the least of which is because being paid less than an alleged comparator is a specific element of a pay discrimination case. *King v. Enter. Leasing Co. of DFW*, No. 3:05 CV 0026 D, 2007 WL 2005541, at *4 (N.D. Tex. July 11, 2007) ("To establish a prima facie case of a violation of Title VII, § 1981, or the TCHRA [Chapter 21] based on unequal pay, King must prove that she was being paid less than a member of a different race or sex for work requiring substantially the same responsibility."). Thus, a pay discrimination claim is not the type of claim in which "an employer [could] engage[] in reprehensible discrimination without inflicting easily quantifiable physical and monetary harm." *Abner*, 513 F.3d at 163. Simply stated, without some quantifiable monetary harm, as is the case here, no damages can be recovered, and no liability can be found.

Moreover, Plaintiff makes no attempt to reconcile the jury's finding that any "difference in pay was the result of a factor other than sex" with the alleged general verdict of liability.[3] [Doc. 232, Question 6]. This is an *affirmative defense* which applies with equal force to Title VII and the Texas Labor Code. *See Washington Cnty. v. Gunther*, 452 U.S. 161, 168-69 (1981); *Thibodeaux-Woody v. Houston Cmty. Coll.*, 593 Fed. Appx. 280, 284 (5th Cir. 2014) ("Title VII incorporates the same affirmative defenses as the EPA, including the 'factors other than sex' defense.").

Because these answers conflict with the alleged general verdict, judgment cannot be entered in favor of Plaintiff. To ignore these answers, reform the verdict, and enter judgment in favor of Plaintiff would require the Court to engage in the very conduct determined to be error in *Gaia.* 175 F.3d at 370-71. At the least, these conflicts in the second verdict prohibit entry of

---

[3] This finding indisputably requires judgment in favor of Defendants on Plaintiff's EPA claim.

judgment and would require a new trial. Fed. R. Civ. P. 49(b)(4).

**C. If Punitive Damages are Awarded, Remittitur is Required. Plaintiff's Claim for Derivative Liability as Against Defendant TRT Does Not Allow for Double Recovery.**

As set forth above, Plaintiff is not entitled to judgment or recovery of any damages. If the Court entertains Plaintiff's request for judgment and an award of damages, however, these alleged damages are limited by statute to a total of $300,000—and only as against Defendant Omni. *See* 42 U.S.C. § 1981a(b)(3)(D); Tex. Lab. Code § 21.2585(d)(4). Under both Title VII and the Texas Labor Code, this cap applies to both punitive damages and compensatory damages in a combined fashion. *Id. See also Giles v. Gen. Elec. Co.,* 245 F.3d 474, 492 (5th Cir. 2001) (the TCHRA "damages limitation provision," Tex. Labor Code § 21.2585, is "identical to that in [Title VII,] § 1981a(b)(3)"). Moreover, the damages caps under both Title VII and the Texas Labor Code are "coextensive, not cumulative." *Giles,* 245 F.3d at 492. Accordingly, in the event the Court enters judgment in favor of Plaintiff, remittitur to an award of $300,000 or less is required.

While Plaintiff acknowledges the cap in her Motion [Doc. 246, p. 5 n.4], she nevertheless seeks judgment in the full amount awarded by the jury. However, the Court has neither the power nor the duty to circumvent statutory damage limitations, as it would be a clear case of reversible error.[4] *Cf. Giles,* 245 F.3d at 492 ("The court did not err in limiting Giles's compensatory damage award to $300,000 pursuant to § 1981a(b)(3)."); *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 264 (5th Cir. 2011) ("Because the district court reduced Black's damages based on a correct interpretation of § 1981a, it did not err in reducing Black's damages.").

Plaintiff's additional request to subject both Omni and TRT to independent applications of

---

[4] Defendants note that, as before the jury, Plaintiff conflates the idea of revenues with the appropriate measure for assessing punitive damages: net worth. While Plaintiff relies on the testimony of Joy Rothschild for her revenue-related argument, Ms. Rothschild was never asked about Omni or TRT's net worth, if she even knew it. Mr. Rothschild did, however, testify that Omni has approximately 17,000 employees, whose pay comes from those revenues.

5

the compensatory damages' caps—in effect, permitting a double recovery—is contrary to the very nature of Plaintiff's single, integrated enterprise theory. A single, integrated enterprise theory is a "form of piercing the corporate veil." *Weeks v. Bottling Group LLC*, No. PE:21-CV-00066-DC-DF, 2022 WL 1523634, at *3 (W.D. Tex. May 13, 2022). As the name suggests, if proven, the two "superficially distinct entities" are treated as a "single employer" and the parent company or related entity may be "jointly liable" for the conduct of the actual employer. *Greenhough-Hodges v. Bishop Dunne Catholic Sch.*, No. 3:06-CV-0151-K, 2006 WL 8437610, at *2 (N.D. Tex. May 6, 2006), *citing Skidmore v. Precision Printing and Pkg., Inc.*, 188 F.3d 606, 616 (5th Cir. 1999).

The derivative (as opposed to independent) nature of this theory was made clear from the outset of the case, as it was stipulated that "Lindsley is suing TRT in its capacity as Omni's parent corporation and so she does not raise any independent claims against TRT." [219, ¶ 46]. Further, the jury's award of punitive damages itself was *specifically limited* to Omni: "What sum of money should be assessed against Defendant Omni Hotels as punitive damages?" [Doc. 232, Question 4].

Numerous authorities cited by Plaintiff in her Motion establish that Plaintiff's position has no support. For example, while *Black* does hold that "the plain language of § 1981a(b)'s cap applies to each party in an action," it also clarifies that this refers to multiple claimants, not defendants under a single, integrated enterprise theory. 646 F.3d at 264 ("Under the plain language of the statute, the cap on compensatory damages applies to each **complaining party** in an action.") (quotations omitted) (emphasis added). Likewise, *Vance* and *Soto* clarify that a finding of a single, integrated enterprise would only allow for combining the number of employees of both entities in determining the appropriate employee-based cap to apply. *See Soto v. LCS Corr. Services, Inc.*, No. 2:12-CV-130, 2013 WL 4012627, at *8 (S.D. Tex. Aug. 5, 2013) ("In the case at hand, it is uncontested that LCS and the Coastal Bend Detention Center individually employed 200 or fewer

6

employees. However, Plaintiff seeks to aggregate all LCS's employees at its eight facilities."); *Vance v. Union Planters Corp.*, 279 F.3d 295, 299 (5th Cir. 2002) ("[O]nly if we decide that Vance's would-be employer had less than 500 employees…need we reach the second question of whether the three subsidiaries…should be considered a single integrated enterprise for purposes of aggregating their employees to calculate the appropriate damages cap."). As Omni has more than 500 employees, this would be a moot point.

Moreover, even if double recovery was improperly permitted, no award could be issued against TRT. "Title VII applies to an employer only if that employer employs 15 or more employees." *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 928–29 (9th Cir. 2003) (citing 42 U.S.C. § 2000e(b)). The evidence at trial established that TRT had no employees. [Doc. 242, App. 78]. Thus, it cannot be independently liable for damages when it is not even subject to Title VII.

**D. Plaintiff Seeks Pre-Judgment Interest for Periods Which Cannot Give Rise to Claims and Cannot Recover Pre-Judgment Interest Without Regard for Statutory Damages Caps.**

Defendants note that Plaintiff only seeks pre-judgment interest with respect to the jury's award of emotional damages. While Defendants do not dispute that pre-judgment interest is generally permitted for this category of damages, Plaintiff's request for pre-judgment interest as of the date of Plaintiff's hiring (July 2, 2011) is both improper and further proof that Plaintiff's claims under Title VII and the Texas Labor Code must fail. The very case relied on by Plaintiff for entitlement to pre-judgment interest on emotional damages, *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361 (5th Cir. 2002), proves this point.

As set forth in *Thomas*, "[d]istrict courts generally should calculate interest on back pay and past damages based on the *date of the adverse employment action*." *Id.* at 372 (emphasis added) Doc. 246, p. 8-9 (citing same). In seeking pre-judgment interest as of July 2, 2011, Plaintiff takes the position that the jury concluded Title VII and/or the Texas Labor Code were violated as of this

7

date. [5] However, even if considered a date of an adverse employment action, this period was not actionable under Title VII or the Texas Labor Code. *See Mack,* 541 F. App'x at 356. Importantly, there could not have been any pay-related adverse employment action found during the applicable 300-day period—which, based on Plaintiff's filing of her EEOC Charge on September 23, 2015, began on December 31, 2014—as it was stipulated that Plaintiff's compensation was higher than her alleged pay comparators during this time. [Doc. 219, ¶¶ 36-39, 60].

As Plaintiff seeks pre-judgment interest for times which were either not actionable as a matter of law or for which there was no pay disparity as a matter of undisputed fact, not only should pre-judgment interest be denied, Defendants should be awarded judgment on Plaintiff's Title VII and Texas Labor Code causes of action.

Moreover, the statutory compensatory damages cap, which includes emotional damages, also applies to an award of pre-judgment interest on compensatory damages. *See Johnson v. Sw. Research Inst.*, 384 F. Supp. 3d 722, 727 (W.D. Tex. 2019) ("Prejudgment interest is not a separate damage award. Because the jury's compensatory damage award plus prejudgment interest on the past compensatory damages exceeds $ 300,000, this statutory cap limits the compensatory damage award Johnson may receive. Johnson will therefore only be awarded $ 300,000 in compensatory damages.") (citation omitted). Accordingly, if compensatory damages are remitted to $300,000, as the Court must if it enters judgment and awards damages to Plaintiff, Plaintiff cannot recover pre-judgment interest.

### E. No Equitable Relief is Appropriate in these Circumstances, as There is Nothing to Remedy and Rule 49 Equally Applies Here.

As a foundational matter, equitable relief is available under 42 U.S.C. § 2000-5(g)(1) only

---

[5] Defendants again note that they requested the Title VII and Texas Labor Code question and instructions be limited to December 31, 2014 forward, with the Court instead electing to include liability-limiting dates in the back pay questions. [Doc. 245, App. 64-81, 92-95].

when "unlawful employment practices…have occurred during the charge filing period." 42 U.S.C.A. § 2000e-5(e)(3)(B). *See also Payne v. Salazar*, 619 F.3d 56, 64 (D.C. Cir. 2010) ("Title VII expressly predicates a court-ordered remedy on a *judicial* finding of liability.") (emphasis in original). The jury's findings make clear that is not the case here. Because Rule 49 prohibits entry of an underlying judgment in favor of Plaintiff, the Court cannot award equitable relief.

Indeed, "[t]he proper scope of an injunction is to enjoin conduct which has been found to have been pursued or is related to the proven unlawful conduct." *Equal Employment Opportunity Comm'n v. Danny's Rest., LLC*, No. 3:16-CV-00769-HTW, 2021 WL 3622139, at *3 (S.D. Miss. Aug. 16, 2021). Though Plaintiff requests injunctive relief, tellingly, Plaintiff does not attempt to articulate what it is the jury determined. [*See* Doc. 246, p. 11 ("Accordingly, the Court should enjoin Defendants from engaging in any of the activities that the Court declares and the jury found to be unlawful.")]. This is because the second verdict cannot be reconciled in a way that would support a plaintiff judgment.

The jury did not find that Plaintiff was underpaid for any actionable timeframe, and it was undisputed that her average compensation exceeded those of her alleged comparators. Likewise, the jury determined that Defendants had satisfied their burden of proof on the affirmative defense which applies to all of Plaintiff's claims. Omni further presented evidence that it has gender-neutral anti-discrimination policies and compensation guidelines, which the parties stipulated were applied consistent with industry standard. [Doc. 209, ¶¶ 11-16] Finally, despite the nebulous allegations against David Morgan, the evidence at trial did not support that David Morgan did anything to interfere with Plaintiff's pay. Though the jury likely changed their verdict and awarded punitive damages based on the broad allegations asserted with respect to Mr. Morgan unrelated to Plaintiff's pay—this despite those claims having been previously dismissed as a matter of law—

9

the Court cannot provide equitable relief for claims and allegations which were not actually tried. In any event, David Morgan no longer works for Omni, so whatever it is he may be determined to have done, it cannot be repeated. Exh. A, Deposition of Joy Rothschild, pp. 212, 218; *Cf. E.E.O.C. v. Red River Beverage Co.,* No. CIV.A. 3:99-CV-1685-, 2003 WL 21317861, at *1 (N.D. Tex. Mar. 7, 2003) (finding burden of no threat of continued non-compliance not met when "[t]he manager who terminated Hubbard is not only still employed by Defendant, but has been promoted to the position of General Manager of both Cowboys Red River and Cowboys Arlington.").

Given that there is no violation to remedy and that the jury's verdict—if viewed most favorably for Plaintiff—is inherently irreconcilable, the Court cannot award equitable relief. Fed. R. Civ. P. 65(d)(1) (requiring an order of injunctive relief to "state the reasons why it issued.").

Plaintiff's only suggestion is for the Court to post the jury's verdict (presumably, the second verdict) and mail copies of the EEOC Determination, the lawsuit, and the verdict to all existing employees.[6] However, as the bulk of the claims underlying the EEOC Determination and Plaintiff's lawsuit have been disproven and dismissed, this would present an incorrect picture of the scope of issues that even went to trial. The verdict itself would have the same effect given its inherent inconsistencies. Moreover, this requested injunctive relief far exceeds that previously requested by Plaintiff. [Doc. 33, p. 45].

### III.   CONCLUSION AND PRAYER

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's

---

[6] Plaintiff seems to have already granted herself the relief she seeks from the Court. *See, e.g.*, https://www.wfaa.com/article/news/local/jury-awards-woman-251m-in-sex-discrimination-case-against-omni-hotels-and-resorts/287-455d932b-50b8-44b1-a26b-2e1a4bf962d0; https://www.dallasnews.com/news/courts/2023/03/10/woman-awarded-251-million-in-sex-discrimination-case-against-omni-hotels/; https://news.bloomberglaw.com/litigation/omni-hotels-owes-female-food-director-25-million-for-pay-bias. As this irreversible (at least in the public eye) damage has already been done, the Court should not compound it.

Motion and instead grant Defendants' Motion to Enter Judgment and enter judgment and award Defendants all relief to which they are entitled consistent therewith. In the alternative, and in the event the Court enters judgment in favor of Plaintiff, Defendants request the Court remit any award of damages to a total of $300,000 or less.

Dated:  April 20, 2023.

                                                              Respectfully submitted,

                                                              By: /s/ *Michael D. Hudlow, Jr.*
                                                              Michael D. Hudlow, Jr.
                                                              Federal I.D. No. 34793
                                                              State Bar No. 24007403
                                                              mhudlow@hdr-law.com
                                                             **HOBLIT DARLING RALLS HERNANDEZ & HUDLOW, L.L.P.**
                                                             802 North Carancahua, Suite 2100
                                                             Corpus Christi, Texas 78401
                                                             (361) 888-9392 – Telephone
                                                             (361) 888-9187 – Facsimile

                                                             **ATTORNEY-IN-CHARGE FOR DEFENDANTS TRT HOLDINGS, INC. AND OMNI HOTELS MANAGEMENT CORPORATION**

                                                             **OF COUNSEL:**

                                                             Conner R. Jackson
                                                             State Bar No. 24087786
                                                             Federal Bar No. 2515700
                                                             cjackson@hdr-law.com
                                                             **HOBLIT DARLING RALLS HERNANDEZ & HUDLOW, L.L.P.**
                                                             802 North Carancahua, Suite 2100
                                                             Corpus Christi, Texas 78401
                                                             (361) 888-9392 – Telephone
                                                             (361) 888-9187 – Facsimile

                                                             **ATTORNEYS FOR DEFENDANTS TRT HOLDINGS, INC. AND OMNI HOTELS MANAGEMENT CORPORATION**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of April 2023, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil Procedure as follows:

***CM/ECF E-Service***
Jay D. Ellwanger
jellwanger@equalrights.law
David Henderson
dhenderson@equalrights.law
ELLWANGER HENDERSON LLLP
400 S. Zang Blvd., Suite 600
Dallas, Texas 75208

James A. Vagnini
jvagnini@vkvlawyers.com
Monica Hincken
mhincken@vkvlawyers.com
Robert J. Valli, Jr.
rvalli@vkvlawyers.com
VALLI KANE & VAGNINI, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530

**COUNSEL FOR PLAINTIFF**

                                                 */s/ Michael D. Hudlow, Jr.*
                                                 Michael D. Hudlow, Jr.