UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| SARAH LINDSLEY, § § | |
| Plaintiff, § | CIVIL ACTION NO. 3:17-cv-02942-X |
| § | |
| v. § | |
| § | |
| § | |
| § | |
| TRT HOLDINGS, INC. and OMNI § | JURY TRIAL DEMANDED |
| HOTELS MANAGEMENT § | |
| CORPORATION, § | |
| § | |
| Defendants. | |

### PLAINTIFF'S REPLY IN SUPPORT OF HER
### MOTION FOR ENTRY OF JUDGMENT ON THE VERDICT

Plaintiff Sarah Lindsley hereby files this *Reply in Support of Her Motion for Entry of Judgment on the Verdict* [Dkt. 246], and in support thereof respectfully shows the Court the following:

## I.   INTRODUCTION

Plaintiff requests that this Court enter judgment on the jury's verdict because it was reasoned, supported by the evidence, and internally consistent. Despite Defendants' numerous arguments to the contrary, there is no legal or factual basis for the Court to disregard the jury's decision. Accordingly, Plaintiff's Motion for Entry of Judgment on the Verdict should be granted in full.

## II. ARGUMENTS & AUTHORITIES

### A. The First Verdict was Inconsistent

Defendants contend in their Response that the first verdict should have been entered as a defense verdict. This argument fails for the reasons noted in Plaintiff's Response to Defendants' Motion to Enter Judgment on the Verdict [Dkt. 252], which is incorporated by reference as if fully set forth herein. Specifically, the Fifth Circuit held that resubmission was appropriate on facts very similar to those at issue in this case. *See Richard v. Firestone Tire & Rubber Co*., 853 F.2d 1259 (5th Cir. 1988). In *Richard,* the Fifth Circuit upheld a trial court's determination that a verdict was inconsistent when the jury found the defendant non-liable but nonetheless awarded damages. *Id*. at 1260. Accordingly, the Fifth Circuit "decline[d] to disturb the district court's exercise of discretion in determining that the series of answers submitted by this jury was not clear and required resubmission." *Id*. at 1260-61. Similarly, the Court in this case acted appropriately when it found the first verdict inconsistent and resubmitted the verdict in accordance with Rule 49. Thus, Defendants' argument that the Court erred in not construing an award of $25,100,000 as a defense verdict is without merit.

### B. Judgment Should be Entered on the Second Verdict

Defendants argue that judgment should not be entered on the second verdict for two reasons. First, they contend that the jury's decision not to award backpay negates its finding of liability. Second, they argue that the jury's finding on their affirmative defense under the EPA negates its finding of liability under Title VII. Both arguments are unavailing.

1. <u>The Second Verdict is Consistent</u>

Defendants contend that the lack of a backpay award means that the jury did not find an adverse employment action within the three-hundred-day window preceding Plaintiff's EEOC

charge. This is just a re-hashed version of Defendants' limitations argument which this Court has already correctly deemed waived. [Dkt. 166 at 2-3]. There is no dispute that Plaintiff suffered actionable pay discrimination for over three years. Although Defendants contend that the discrimination occurred outside the statutory window, they never asserted this argument to the EEOC, the trial court, or the Fifth Circuit. Defendants waited three and a half years after this case was filed to argue that Plaintiff's pay discrimination claims were untimely. The Fifth Circuit has affirmed a trial court's holding that similar defenses were waived when raised for the first time on remand. *See Davis v. Fort Bend Cnty.,* 893 F.3d 300, 307 (5th Cir. 2018), aff'd sub nom. *Fort Bend Cnty., Texas v. Davis,* 204 L. Ed. 2d 116, 139 S. Ct. 1843 (2019) (refusing to consider the defendant's argument that plaintiff failed to exhaust administrative remedies when it was not argued in its first motion for summary judgment, but instead asserted for the first time on remand).

Importantly, the Fifth Circuit has already held that there was actionable pay discrimination in this case. *See Lindsley v. TRT Holdings, Inc*., 984 F.3d 460, 467 (5th Cir. 2021) ("[i]t is undisputed that Lindsley was paid less than her three immediate predecessors as food and beverage director of Omni Corpus Christi...[a]s a result, she has established a prima facie case of pay discrimination."). This is now the law of the case and cannot be contravened by Defendants. *See United States v. Vahlco Corp.,* 895 F.2d 1070, 1072 (5th Cir. 1990) (cleaned up) ("a decision of a legal issue or issues by an appellate court establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal").

Furthermore, as noted in Plaintiff's Motion, the Fifth Circuit has held that an award of backpay is not necessary for a finding of liability under Title VII. Defendants attempt to distinguish *Abner v. Kansas City S. R. Co.*, 513 F.3d 154 (5th Cir. 2008), on the basis that it was a hostile work environment case. However, there is nothing in the holding limiting it to only hostile work

environment cases. Defendants cite no case law to support their proposition that backpay must be awarded to uphold a finding of liability. Indeed, such a proposition could not be supported given that an award of backpay is discretionary. *See Granados v. Tyco Elecs. Corp.*, No. EP-20-CV-6-KC, 2020 WL 2762866, at *7 (W.D. Tex. May 26, 2020) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418–21, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)) ("While backpay or front pay are frequently a means for making plaintiffs whole…they are not required."). Accordingly, Defendants' argument is without merit.

    2. <u>The Jury's Findings Under Title VII and the EPA are Not Inconsistent</u>

Defendants' contention that Plaintiff's Title VII claim must fail because her EPA claim failed is contrary to Fifth Circuit precedent. *See McKee v. McDonnell Douglas Tech. Servs. Co.*, 700 F.2d 260, 264 (5th Cir. 1983) ("a Title VII cause of action may be asserted on the basis of wage discrimination premised on sex even though the claim does not support an Equal Pay Act violation"). The Equal Pay Act states that "Title VII covers types of wage discrimination not actionable under the EPA… Therefore, <u>an act or practice of an employer or labor organization that is not a violation of the EPA may nevertheless be a violation of Title VII.</u> 29 CFR § 1620.27 (emphasis added).

Furthermore, the Court "has a constitutional duty to search for an interpretation of the case which makes the jury's answers consistent." *Gross v. Black & Decker (U.S.), Inc.*, 695 F.2d 858, 867 (5th Cir. 1983). In this case, an interpretation which makes the jury's answers consistent is that Omni relied on a factor other than sex in setting Plaintiff's salary but the factor was discriminatorily applied. *See Thibodeaux-Woody v. Houston Cmty. Coll.*, 593 F. App'x 280, 284 (5th Cir. 2014) ("A practice is not a bona fide 'factor other than sex' if it is discriminatorily applied."). Such a conclusion is logical given the evidence in this case, which established that

Omni had numerous policies and procedures governing salaries and raises but that two out of three female witnesses at trial were paid below the minimum salary range for their positions. Accordingly, Defendants' argument that the jury's entire verdict under Title VII must be discarded because of its finding on the EPA affirmative defense is without merit.

C.   **The Court Should Award Prejudgment Interest as of July 2, 2011**

Defendants concede that pre-judgment interest is generally permitted for emotional distress damages. [Dkt. 247 at 7]. Nonetheless, they contend that pre-judgment interest should not be awarded back to the discriminatory pay decision at issue in this case because it is time-barred. This is, once again, another attempt by Defendants to re-litigate their waived limitations argument. The EEOC found that Plaintiff's charge was timely, the Fifth Circuit found that Plaintiff's 2011 salary as Director of Food and Beverage was actionable wage discrimination, and the jury similarly found that Defendants' discrimination against Plaintiff was a violation of Title VII. Accordingly, for the reasons set forth in the Motion, Plaintiff should be awarded pre-judgment interest from the first date she was discriminated against via her unequal salary.[1]

D.   **Equitable Relief is Appropriate**

Defendants argue that equitable relief cannot be awarded because they are the prevailing parties, despite the jury's finding that they violated Title VII and should pay $25,100,000 in damages. [Dkt. 247 at 9-10]. Defendants' continued rewriting of history should be rejected for the reasons provided by Plaintiff in her Motion, this Reply, and her Responses to Defendants' Motion for Judgment on the Verdict and Renewed Motion for Judgment as a Matter of Law. The second verdict is a consistent verdict, was supported by the evidence, and judgment on that verdict should be entered. Furthermore, equitable relief is appropriate as part of that judgment because "district

---

[1] Defendants do not raise any objection to the imposition of post-judgment interest.

courts have not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Teamsters v. United States*, 431 U.S. 324, 364 (1977) (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975)). The equitable relief requested in this case, namely that Defendants' employees be made aware of this lawsuit and the EEOC and jury's findings, is not onerous and Defendants offer no compelling argument why they should not be ordered to comply. Accordingly, Plaintiff's request equitable relief should be granted.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff Lindsley respectfully requests that the Court enter judgment in her favor, and against all Defendants – jointly and severally – in the amount of $25,100,000 in addition to any pre-judgment, post-judgment relief, and other relief to which Plaintiff Lindsley is entitled.

Dated: May 4, 2023　　　　　　By: /s/ *Jay D. Ellwanger*

            Jay D. Ellwanger
            Texas State Bar No. 24036522
            jellwanger@equalrights.law
            David W. Henderson
            Teas State Bar No. 24032292
            dhenderson@equalrights.law
            **Ellwanger Henderson LLLP**
            400 S. Zang Blvd., Suite 600
            Dallas, Texas 75208
            (469) 998-6775 Telephone
            (469) 998-8002 Facsimile

            Robert J. Valli, Jr. (admitted *pro hac vice*)
            N.Y. State Bar No. 2958130
            rvalli@vkv.law
            **Valli Kane & Vagnini, LLP**
            600 Old Country Road, Suite 519
            Garden City, New York, 11530
            (516) 203-7180 Telephone
            (516) 706-0248 Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that on May 4, 2023, a true and correct copy of the foregoing document was served via the Electronic Case Filing system on all counsel of record.

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
