UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH LINDSLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2942-X |
| | § | |
| TRT HOLDINGS, INC. et al., | § | |
| | § | |
| *Defendants*. | § | |

# **MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Omni Hotels Management Corporation's Renewed Motion to Alter Judgment, (Doc. 281), and Motion to Stay Equitable Relief Pending Appeal, (Doc. 282). After reviewing the motions, responses, and applicable law, the Court **DENIES** Omni's Renewed Motion to Alter Judgment, (Doc. 281), and **GRANTS** Omni's Motion to Stay Equitable Relief Pending Appeal, (Doc. 282).

After reviewing the four-factor test promulgated in *Hilton v. Braunskill*,[1] the Court finds that it should exercise its discretion in suspending the injunctive relief of its order pending appeal.[2] By contrast, the Court finds that the injunctive relief portion of its final judgment should not be altered or amended under Rule 59(e).[3]

---

[1] 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L.Ed.2d 724 (1987).

[2] *See Firearms Pol'y Coal., Inc. v. McCraw*, 623 F. Supp. 3d 740, 757 (N.D. Tex. 2022) (applying four-factor test), *appeal dismissed sub nom. Andrews v. McCraw*, No. 22-10898, 2022 WL 19730492 (5th Cir. Dec. 21, 2022).

[3] The Fifth Circuit instructs courts that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423

**IT IS SO ORDERED** this 18th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

(5th Cir. 2019).  No manifest error of law has occurred in following the Fifth Circuit's precedent established in *Abner v. Kansas City Southern R. Co.*, 513 F.3d 154 (2008).